701 P.2d 1297

**SODEN INTERNATIONAL, INC., an Oregon corporation, Plaintiff-Respondent,**

v.

**FIRST SECURITY BANK OF IDAHO, N.A., a national banking association, Defendant-Third-Party Plaintiff-Appellant,**

**and**

**Idaho Peterbilt, Inc., an Idaho corporation, Defendant-Third-Party Defendant.**

No. 15583.

Supreme Court of Idaho.

May 20, 1985.

James G. Reid, argued, and Michael John Gaffney, Boise, for defendant-third-party plaintiff-appellant.

D. Duff McKee and Debra Jean Alsaker-Burke, argued, Boise, for plaintiff-respondent.

BISTLINE, Justice.

The sole question presented is whether a judgment entered in an Oregon court of general jurisdiction is entitled to full faith and credit in the state of Idaho. The Oregon court awarded Soden International a $9,212.23 monetary judgment against William Dennis for repairs made to his Peterbilt truck—in Oregon—and imposed a lien in that amount against the truck. The judgment further decreed that the Soden lien was superior to any lien of First Security Bank. Soden brought suit in district court in Idaho to establish its Oregon judgment, and praying for other relief.

The underlying facts are without dispute. Dennis had purchased the truck from Idaho Peterbilt in Boise, Idaho. The transaction was financed by First Security Bank of Idaho and, according to a dealer reserve agreement between Idaho Peterbilt and First Security Bank, the Bank obtained a security interest in the truck. After Soden repaired the truck, Dennis secured possession of it without paying Soden's bill.

Soden named Dennis and First Security Bank as defendants in the Oregon action. The Bank was personally served in Idaho, and had not at any time done business in Oregon. The Bank retained counsel and entered a special appearance in the Oregon action to challenge the Oregon court's jurisdiction over it. The motion to quash averred in part that the Oregon court was without jurisdiction of the person or the property of this defendant. After reviewing the briefs, affidavits and hearing oral argument, the Oregon court denied the motion to quash service and ordered First Security Bank to file a responsive pleading within fifteen days. The Bank declined the opportunity, and the Oregon court proceeded to enter judgment as aforesaid—which as to the Bank was by default.

On being served with process in Soden's Idaho action, the Bank mounted a collateral attack contending that the Oregon court lacked both *in personam* jurisdiction over it and *in rem* jurisdiction over the Peterbilt truck. The Idaho district court ruled that the Oregon judgment was entitled to full faith and credit because the issue of juris-

diction had been decided by the Oregon court.

Relying on *Underwriters Nat. Assur. v. N.C. Life & Acc., Etc.*, 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982), the court's memorandum decision stated:

> This court following the United States Supreme court case of *Underwriters Insurance v. North Carolina Life*, has no other choice but to give the Oregon circuit court decision full faith and credit. Since the issue of jurisdiction was directly decided by the Oregon court, this court is required to admit that the jurisdiction of the Oregon court was valid over First Security Bank. This court by giving full faith and credit to the Oregon court's decision grants summary judgment to the plaintiff. The plaintiff is granted judgment against First Security Bank for the amount of judgment given in the Oregon circuit court but the court's decision is limited to the amount of proceeds the bank received in the sale of the truck. The defendant bank's motion to dismiss is therefore denied.[1]

R., pp. 110–111.

In this Court, First Security Bank contends that the district court erred, a position advanced on the premise that it made only a special appearance in the Oregon court. While this is facially so, its special appearance was to contest whether or not the Oregon court had any jurisdiction.

Soden contends that this case is controlled by *Schwilling v. Horne*, 105 Idaho 294, 669 P.2d 183 (1983). In *Schwilling*, as here, a collateral attack was made challenging the jurisdiction of the foreign court which had entered a judgment which in turn was sought to be established in Idaho. Of significant difference, the defendant in the *Schwilling* case did not appear generally or specially in the foreign (Alaska) court to contest jurisdiction. Applying principles of *res judicata*, we said:

When a court is called upon to enforce a foreign judgment, "it may inquire into the jurisdictional basis of the foreign court's decree" to determine whether full faith and credit must be accorded. *Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Assoc.*, 455 U.S. 691, 102 S.Ct. 1357, 1365, 71 L.Ed.2d 558 (1982). Appellant apparently chose not to appear in the Alaska action either to defend on the merits of respondent's claim or to challenge the assertion of jurisdiction by the Alaska court. Therefore, the jurisdictional question has not been previously litigated, and the district court in Idaho properly proceeded to determine the jurisdictional basis for the judgment entered by the Alaska court. *See Underwriters Nat'l Assurance Co. v. North Carolina Life, supra; Durfee v. Duke*, 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963) (although court may inquire into jurisdiction, where question of jurisdiction has been fully and fairly litigated and finally decided, judgment is entitled to full faith and credit).

*Id.* at 297, 669 P.2d at 186.

Here, however, the Bank made a special appearance in the Oregon court of general jurisdiction wherein it was allowed to contest the jurisdiction of that court over its person and property. The Oregon court entertained the contest and determined it did have jurisdiction over the subject matter, i.e., the Peterbilt truck, and the priority of lien against that truck. The issue of jurisdiction then became *res judicata* subject, of course, to appeal claiming error in that ruling. There was no appeal. "Where the question of jurisdiction has been fully and fairly litigated and finally decided, judgment is entitled to full faith and credit." *Schwilling, supra*, at 297, 669 P.2d 183.

---

1. As stated, the sole question on appeal is whether the judgment of the Oregon court was correctly afforded full faith and credit. No issue has been raised as to the propriety of con- verting that Oregon judgment into a monetary judgment against the Bank—a question upon which we venture no expression whatever.

Even prior to our *Schwilling* decision, in *Ramseyer v. Ramseyer*, 98 Idaho 554, 557, 569 P.2d 358, 361 (1977), we observed:

> As was stated in *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 78, 60 S.Ct. 44, 51, 84 L.Ed. 85 (1939), "One trial of an issue is enough. 'The principles of *res judicata* apply to questions of jurisdiction as well as to other issues,' as well to jurisdiction of the subject matter as of the parties."

The judgment of the district court is affirmed. Costs on appeal, including attorney's fees, to respondent.

SHEPARD and HUNTLEY, JJ., concur.

BAKES, Justice, concurring in result:

Although the Court's resolution of this case may appear on the surface to be consistent with precedent of the United States Supreme Court, it definitely appears to be inconsistent with our recent opinion in *Andre v. Morrow*, 106 Idaho 455, 680 P.2d 1355 (1984). In *Andre* the Court stated that, "The issue of whether a court has exceeded its jurisdiction is *always* open to collateral attack in Idaho," and a judgment based upon questionable jurisdiction "can be collaterally attacked *at any time.*" *Id.* at 459, 680 P.2d 1335 (emphasis added). The Court was unanimous on this issue. In that case the Morrows had three opportunities to litigate the issue of whether the foreign California court had jurisdiction. First, the opportunity was available in the California court where the parties fully litigated the case on the merits. Second, the parties fully and fairly litigated the issue in a United States bankruptcy court. For a third time, the issue was considered on appeal in this Court. The precedent of *Andre v. Morrow* should either be overruled, distinguished, or followed, but not ignored.

DONALDSON, C.J., concurs.