[No. A058146. First Dist., Div. Four. Mar. 5, 1996.]

HARRY NORAGER, Plaintiff and Respondent, v.
EDWIN NAKAMURA, Defendant and Appellant.

## COUNSEL

Kennedy & Wasserman, Kennedy, Gong, Mitchell & Combs, Melvin L. Kennedy and Debra Murphy Lawson for Defendant and Appellant.

Hollister & Brace, Steven E. Kirby and Paul J. Neibergs for Plaintiff and Respondent.

## OPINION

**REARDON, J.—** ██ Defendant Edwin Nakamura appeals from a judgment ordering him to pay plaintiff Harry Norager $105,000 (plus interest, costs and attorney fees), and from an order denying his motion to vacate a judgment and to enter a new judgment under Code of Civil Procedure section 663.[1]

Harry Norager filed an action for breach of contract against Norager, Inc. (the Corporation) and Edwin Nakamura, based on $30,000 remaining due on a $135,000 promissory note. The Corporation was sued directly on the promissory note, while Nakamura was sued as a guarantor of the note obligation. The Corporation and Nakamura cross-complained.

On the last day of a four-day court trial, Norager successfully moved to amend his complaint to conform to proof, alleging Nakamura's bad faith denial of the existence of a contract. In support of the motion to amend, Norager's attorney relied heavily on the Supreme Court's decision in *Seaman's Direct Buying Service, Inc.* v. *Standard Oil Co.* (1984) 36 Cal.3d 752 [206 Cal.Rptr. 354, 686 P.2d 1158], in which that tort was first recognized.

Thereafter, the court found in favor of Norager and against the Corporation in the amount of $30,000 (plus prejudgment interest, attorney fees and costs) on the contract allegation. Further, the court found in favor of Norager and against Nakamura in the amount of $105,000 (plus prejudgment interest on $30,000, attorney fees and costs). The latter sum against Nakamura included $30,000 due under the guaranty, together with an additional $25,000 compensatory damages and $50,000 punitive damages based on the tort cause of action alleging the bad faith denial of the existence of the contract. The Corporation and Nakamura took nothing on their cross-complaint.

---

[1]An order denying a motion to vacate a judgment and to enter a new judgment pursuant to Code of Civil Procedure section 663 is appealable. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 663 [125 Cal.Rptr. 757, 542 P.2d 1349]; *Howard* v. *Lufkin* (1988) 206 Cal.App.3d 297, 300-303 [253 Cal.Rptr. 422].)

## Discussion

On appeal, Nakamura[2] contends the trial court erred: (1) when it permitted Norager to amend his complaint at the end of trial and to recover damages thereon; and (2) when it awarded punitive damages, claiming there was no evidence of Nakamura's financial condition.[3] We believe Nakamura is entitled to relief on appeal, but for reasons different than those he raises in his brief.

■ On August 31, 1995, while this appeal was pending, the Supreme Court thoroughly reexamined its *Seaman's* decision (the basis for the amendment to the complaint in this case), and expressly overruled it. (*Freeman & Mills, Inc.* v. *Belcher Oil Co.* (1995) 11 Cal.4th 85, 88, 103 [44 Cal.Rptr.2d 420, 900 P.2d 669].) In that case, the Supreme Court concluded "that the *Seaman's* court incorrectly recognized a tort cause of action based on the defendant's bad faith denial of the existence of a contract between the parties. That holding has been widely criticized by legal scholars, has caused considerable confusion among lower courts, and has been rejected by the courts of several other jurisdictions. These critics convincingly argue that the *Seaman's* decision is confusing and ambiguous, analytically flawed, and promotes questionable policy. After careful review of all the foregoing considerations, we conclude that our *Seaman's* holding should be overruled." (*Id.* at p. 88.)

In view of the Supreme Court's decision in *Freeman & Mills, Inc.* v. *Belcher Oil Co., supra,* 11 Cal.4th 85, we asked each side to submit letter briefs and to be prepared to comment at oral argument concerning what effect that decision should have on the disposition of this case. Each side has exercised that opportunity.

■ As a general rule, judicial decisions are given retroactive effect. (*Newman* v. *Emerson Radio Corp.* (1989) 48 Cal.3d 973, 978 [258 Cal.Rptr. 592, 772 P.2d 1059].) A narrow exception to this general rule exists "when considerations of fairness and public policy are so compelling in a particular case that, on balance, they outweigh the considerations that underlie the basic rule." (*Id.* at p. 983.) ■ We find no such compelling considerations in this case.

First, there is no unfairness. Plaintiff Norager was not relying on the overruled *Seaman's* case when he filed his complaint. The issue arises

---

[2]The Corporation did not appeal.

[3]Nakamura does not challenge that portion of the judgment finding him liable as a guarantor on the contract. Nor does he appeal from that portion of the judgment rejecting his cross-complaint.

because Norager successfully moved to amend his complaint to conform to proof at the end of the trial, adding the tort cause of action to the breach of contract cause of action initially alleged.

Nor do we find any public policy reasons why we should give any continuing effect to *Seaman's* in a case such as this one, which is still undergoing appellate review. The Supreme Court made abundantly clear its belief that *Seaman's* "was incorrectly decided, that it has generated unnecessary confusion, costly litigation, and inequitable results, and that it will continue to produce such effects unless and until we overrule it." (*Freeman & Mills, Inc.* v. *Belcher Oil Co., supra,* 11 Cal.4th at p. 93.) We therefore conclude that we should disapprove that portion of the judgment that is based on the bad faith denial of contract cause of action, together with the compensatory and punitive damages relating thereto.

In his appeal, Nakamura limited his contentions to those concerning the amended allegation that he had denied the existence of the contract in bad faith, and to related damage issues. He has not challenged the trial court's finding that he was liable as a guarantor of the $30,000 due and payable to Norager on the contract, plus the prejudgment interest, attorney fees and costs relating thereto. We shall therefore affirm that portion of the judgment.

## CONCLUSION

That portion of the judgment against defendant Nakamura awarding $30,000 (plus interest, costs and attorney fees) based on the contract-related causes of action is affirmed. That portion of the judgment against defendant Nakamura awarding additional compensatory and punitive damages based on plaintiff's bad faith denial of contract cause of action is reversed.

The separate appeal from the order denying the motion to vacate the judgment and to enter a new judgment is rendered moot. It is therefore ordered dismissed.

Each side shall bear its own costs on appeal.

Anderson, P. J., and Poché, J., concurred.