[No. B086932. Second Dist., Div. Two. Apr. 4, 1996.]

ARLENE MILROT et al., Plaintiffs and Respondents, v. STAMPER MEDICAL CORPORATION et al., Defendants; LINDORA MEDICAL CLINIC, INC., Appellant.

## COUNSEL

Valensi, Rose & Magaram, Warren K. Miller and Geraldine A. Wyle for Appellant.

Gilda R. Cohen, Robert Spies and Dayton B. Parcells III for Plaintiffs and Respondents.

## OPINION

### ZEBROWSKI, J.—

#### FACTUAL AND PROCEDURAL BACKGROUND

This case concerns whether a judgment entered against "Lindora Medical Clinic, Inc." is valid. Plaintiffs in this case are three licensed vocational nurses. Defendant Stamper Medical Corporation (Stamper) was their employer. The nurses sued Stamper for wrongful termination and recovered a judgment on a jury verdict. The judgment debtor was named only as Stamper Medical Corporation "et al." A notice of appeal was filed on behalf of "Stamper Medical Corporation, doing business as Lindora Medical Clinic, and Marshall Stamper, M.D." After judgment and notice of appeal, plaintiffs filed a motion to "clarify" the judgment by specifically identifying the judgment debtors as "Stamper Medical Corporation, dba Lindora Medical Clinic, and Marshall Stamper, M.D." The motion did not argue that Lindora Medical Clinic was a separate entity that should be separately added as a judgment debtor. The motion and the opposition to the motion focused solely on the personal liability of Dr. Stamper. The opposition was filed by attorney David Sanders on behalf of "Stamper Medical Corporation, dba Lindora Medical Clinic, and Marshall Stamper, M.D."

The proposed amended judgment lodged with the moving papers properly identified the name of the corporate employer defendant as "Stamper Medical Corporation, Inc. d/b/a Lindora Medical Clinic" and then proposed adding Dr. Stamper personally as a judgment debtor. After some discussion

off the record, the court interlineated the proposed amended judgment to delete Dr. Stamper as a judgment debtor, to delete the "d/b/a," and to add an "Inc." after "Lindora Medical Clinic." The amended judgment thus added "Lindora Medical Clinic, Inc." (hereafter sometimes referred to as LMC, Inc.) as a judgment debtor.

LMC, Inc., did not exist (at least not in corporate form) at the time of the hearing. It was incorporated five months after the hearing. LMC, Inc., was never named as a defendant in any pleading and was never served in this action with either a complaint or the motion to amend the judgment. LMC, Inc., was not involved in this proceeding as a party until it was named as a judgment debtor at the hearing to amend the judgment. The record does not reflect any basis for adding LMC, Inc., as a judgment debtor. The record does reflect that Attorney Sanders, nominally representing only Stamper and Dr. Stamper, was aware that LMC, Inc., had been added as a judgment debtor. Attorney Sanders was apparently concerned only with opposing the proposed addition of Dr. Stamper personally as a judgment debtor, and had no interest in the fate of LMC, Inc. Later, within the text of Stamper's appellate brief, Attorney Sanders wrote that judgment had been entered against Lindora Medical Clinic, Inc.,—which was literally true—and referred to Lindora Medical Clinic, Inc., as "Defendant and Appellant." However, no notice of appeal was ever filed on behalf of LMC, Inc. LMC, Inc., proceeded directly to the status of judgment debtor without ever being a defendant. The judgment was affirmed in an unpublished opinion which did not mention LMC, Inc.

Later, through its own counsel (not Attorney Sanders), LMC, Inc., filed a motion to set aside the judgment against it. LMC, Inc., asserted (among other grounds) that the court never had personal jurisdiction over LMC, Inc., and that the judgment against it was therefore void. The motion was supported by evidence that LMC, Inc., had not been in existence at the time of the hearing to amend the judgment, since it had been incorporated only five months later, plus the declaration of Attorney Sanders. Sanders's declaration stated that he had never represented LMC, Inc., and had no authority to act on behalf of LMC, Inc. Instead, his declaration stated, he represented only Stamper doing business as Lindora Medical Clinic and Dr. Stamper personally. In opposition, plaintiffs filed a declaration from the counsel who had represented plaintiffs at the postjudgment hearing, who claimed that attorney Sanders had represented that "Stamper Medical Corporation" and "Lindora Medical Clinic, Inc." were the proper names for the judgment debtors.

The trial court denied the motion to set aside the second amended judgment as against Lindora Medical Clinic, Inc., and this appeal followed. We reverse.

## DISCUSSION

 In order for the judgment against LMC, Inc., to be valid, the court must have had jurisdiction over LMC, Inc. Normally jurisdiction is acquired by service. Here, LMC, Inc., was never served. The only other potential source of jurisdiction on this record is the appearance of attorney Sanders at the motion to amend the judgment.

An appearance of an attorney does not create jurisdiction unless the attorney was authorized to appear. *Zirbes* v. *Stratton* (1986) 187 Cal.App.3d 1407, 1414 [232 Cal.Rptr. 653]. "If the only basis of jurisdiction of the person in the particular case is *appearance*, a purported appearance by an unauthorized attorney cannot confer such jurisdiction and the resulting judgment is void." (2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 145, pp. 529-530, italics added in original.) The validity of the judgment against LMC, Inc., thus depends on whether Attorney Sanders was authorized to appear on behalf of LMC, Inc., at the motion to amend the judgment. Attorney Sanders could theoretically have had either actual authority to appear for LMC, Inc., or he could have had only ostensible authority.

The record contains no evidence of actual authority. The only direct evidence bearing on actual authority is the declaration of Attorney Sanders, in which he unequivocally states that he had no authority to represent LMC, Inc. If LMC, Inc., had at least been named as a defendant and Attorney Sanders had thereafter purportedly appeared on its behalf, it might perhaps then be inferred that he was authorized to appear, especially if other factors supported such a conclusion. Here, however, LMC, Inc., was never even named. The postjudgment motion at which Attorney Sanders appeared was directed solely at Dr. Stamper, and not at LMC, Inc. There thus is no basis in the record to conclude that nonparty LMC, Inc., actually authorized Attorney Sanders to appear, much less to appear for the purpose of stipulating to judgment. (Cf. *Romadka* v. *Hoge* (1991) 232 Cal.App.3d 1231 [283 Cal.Rptr. 878] [since there was no conceivable reason to dismiss an action with prejudice rather than without prejudice, trial court could not reject evidence that this was a mistake]; *Levy* v. *Superior Court* (1995) 10 Cal.4th 578 [41 Cal.Rptr.2d 878, 896 P.2d 171] [mere status as counsel does not confer authority to settle case]; *Blanton* v. *Womancare, Inc.* (1985) 38 Cal.3d 396 [212 Cal.Rptr. 151, 696 P.2d 645, 48 A.L.R.4th 109] [mere status as attorney does not confer authority to waive substantial rights of client by stipulating to arbitration].) Since the record contains no evidence that Attorney Sanders had actual authority to appear on behalf of LMC, Inc., the question resolves into whether jurisdiction can be based on ostensible authority.

Ostensible authority is created when the acts of the principal, either intentionally or by want of ordinary care, cause a third person to believe another to be the agent of the principal. (Civ. Code, § 2300; 2 Witkin, Summary of Cal. Law (9th ed. 1987) Agency and Employment, § 40, p. 52.) Here there is no evidence that the principal (LMC, Inc., which was not even incorporated until five months later) did anything to cause plaintiffs to believe that Attorney Sanders was representing LMC, Inc. "Ostensible agency cannot be established by the representations or conduct of the purported agent; the statements or acts of the *principal* must be such as to cause the third party to believe that the agency exists." (2 Witkin, Summary of Cal. Law, *supra*, Agency and Employment, § 40, p. 53, italics in original.) Thus the actions of Attorney Sanders alone cannot create jurisdiction over LMC, Inc.; action by LMC, Inc., itself is needed. The record here is devoid of evidence of any action by LMC, Inc., of any kind. Nor can it be said that the record contains relevant evidence of *inaction* on the part of LMC, Inc. LMC, Inc., simply was not a party, was never served, was not a target of the postjudgment motion, was not served with the postjudgment motion, and was not even incorporated at the time of the motion.

Since plaintiffs cannot establish either actual or ostensible authority, plaintiffs argue for jurisdiction by presumption. When an attorney appears in court on behalf of a client, there is a presumption that the attorney is authorized to act on behalf of that client. (1 Witkin, Cal. Procedure, *supra*, Attorneys, § 186, p. 215.) Here, however, the foundation for the presumption is lacking. There is no evidence that LMC, Inc., was a client of Attorney Sanders at the time of the postjudgment motion (five months before its incorporation) or that Attorney Sanders had any authority to appear on behalf of LMC, Inc., at that motion. A plaintiff bears the burden of establishing jurisdiction. Here plaintiffs presented no evidence to satisfy this burden, nor any evidence demonstrating that the burden was excused. A presumption without the necessary foundation cannot establish jurisdiction.

Suspicion, speculation or similarity of names is not sufficient to support a finding of ostensible agency. Jurisdiction must be established by factual evidence to avoid prejudice to the rights of innocent parties. The record here does not establish who invested in LMC, Inc., who its creditors might be, what other innocent rights might have intervened, or what its connection to judgment debtor Stamper might be. If LMC, Inc., is the alter ego of judgment debtor Stamper, or if LMC, Inc., received a fraudulent transfer from judgment debtor Stamper, methods are available to seek judgment on that basis. (Code Civ. Proc., § 187; *Oyakawa* v. *Gillett* (1992) 8 Cal.App.4th 628, 631 [10 Cal.Rptr.2d 469]; Civ. Code, § 3439 et seq.) The judgment

against LMC, Inc., however, cannot stand in the absence of jurisdiction simply on the suspicion that an alter ego or fraudulent transfer claim might be warranted.

■ A judgment entered without jurisdiction is void (2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 80, pp. 449-450), and a void judgment may be set aside at any time. (*Westport Oil Co.* v. *Garrison* (1971) 19 Cal.App.3d 974 [97 Cal.Rptr. 287].) The time limitations stated in Code of Civil Procedure sections 663, 663a and 473 therefore do not apply.

### DISPOSITION

The order appealed from is reversed with directions to vacate the judgment against LMC, Inc., as void for lack of jurisdiction. Whether LMC, Inc., may be liable as an alter ego or as the recipient of a fraudulent transfer is not decided on this appeal. Appellant to recover costs on appeal.

Boren, P. J., and Fukuto, J., concurred.