65 P.3d 502

**Robert B. BURNS, Plaintiff–Appellant,**

v.

**James P. BALDWIN, Defendant–Respondent.**

No. 27839.

Supreme Court of Idaho,
Boise, 2003 Term of Court.

Feb. 27, 2003.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for appellant.  Mark S. Prusynski argued.

Ducote & Frasca, Costa Mesa; California, for respondent.  Joanne M. Frasca argued.

Hawley Troxell Ennis & Hawley, LLP, Boise, for respondent. Kim C. Stanger appeared.

SCHROEDER, Justice.

This case involves an attempt to enforce a judgment obtained in California. A California Superior Court jury awarded Robert Burns (Burns) $2.5 million in damages against James Baldwin (Baldwin) in 1997. On a second appeal the California Court of Appeal modified the original judgment to allow post-judgment interest only from the date of remittitur after the first appeal rather than from the date of entry of the original judgment. Burns. petitioned for rehearing, but the petition was denied. He did not appeal to the California Supreme Court. Baldwin paid the judgment and interest, as modified by the Court of Appeal. Burns filed an acknowledgment and satisfaction of judgment in California. Burns subsequently filed the original California judgment in Idaho, seeking to recover the post-judgment interest that was disallowed by the California Court of Appeal. He maintains that the Court of Appeal's modification of the judgment was void. The district court granted Baldwin's motion to· strike the foreign judgment and awarded Baldwin attorney fees. Burns appeals.

## I.

## FACTUAL AND PROCEDURAL HISTORY IN CALIFORNIA

In 1994 Burns quit his position as a division head of Baldwin Builders, Inc., a Southern California homebuilder. He filed suit against his former employer and its principals, including Baldwin, in the California Superior Court seeking damages relating to his employment. A jury awarded Burns $2.5 million in damages against Baldwin. Judgment was entered June 30, 1997, and began to accrue interest. Burns moved for a new trial on the issue of damages, and Baldwin moved to vacate the judgment. The trial court granted Burns's motion for a new trial. Baldwin appealed. The California Court of Appeal reversed the order for new trial and affirmed the original judgment. Baldwin

then filed a second motion to vacate the original judgment, asking the court to provide for post-judgment interest to accrue from the date of remittitur from the Court of Appeal (October 12, 1999) rather than from the date of original entry of judgment (June 30, 1997). The trial court ruled that the reinstated judgment would accrue interest from entry of the original judgment. Baldwin appealed the trial court ruling.

On the second appeal the Court of Appeal reversed the trial court ruling that provided for accrual of post-judgment interest from the time of the original judgment. The Court of Appeal determined that post-judgment interest would accrue from the date of issuance of the remittitur rather than from the date of the entry of the original judgment. The Court of Appeal denied Burns' subsequent petition for rehearing. Burns did not appeal to the California Supreme Court.

On May 3, 2001, Baldwin tendered $2,919,325.52 to Burns, which amount reflected the judgment as modified by the Court of Appeal. Burns executed and filed a written Acknowledgment of Satisfaction of Judgment on May 9, 2001. The Acknowledgment of Satisfaction of Judgment states that is was filed "without waiver of rights" and includes the following two provisions:

4. The subject judgment was filed on June 30, 1997, and modified by decision of the Court of Appeal of the State of California, Second Appellate District, Division Seven (Appeal B137768), filed March 21, 2001.

5. The subject judgment, to the extent modified by the decision in Appeal B137768, is satisfied in full.

The Court of Appeal issued a remittitur on May 24, 2001, and the California Superior Court issued a Certificate of Satisfaction of Judgment on June 26, 2001.

## II.

## PROCEDURAL HISTORY IN IDAHO

Burns filed a "Filing of Foreign Judgment" in Idaho on June 6, 2001. Attached to the Filing was a certified copy of the original judgment entered June 30, 1997, and Min-

utes entered June 20, 1997. Burns asserted that he was a judgment creditor and that he had been partially paid on May 3, 2001, but that there was an "unpaid balance owed" of $583,466.91. The filing regarding partial payment stated the following: "Payment in the amount of . . . ($2,919,325.20) comprising payment in full of all awarded costs in the amount of $25,607.30, all post-judgment interest on the judgment and costs in the amount of $977,184.81, and partial satisfaction of the underlying $2.5 million judgment in the amount of $1,916,533.09 was made on May 3, 2001, leaving an unpaid balance owed on said judgment of . . . ($583,466.91) as of May 3, 2001." This amount equals post-judgment interest if it were calculated from the date of entry of the original judgment to the date of the first remittitur.

In effect Burns proceeded in Idaho in an effort to recover the amount of post-judgment interest from the date of original entry of judgment to the first remittitur in California which interest was disallowed by the second California Court of Appeal decision. However, he characterized the payment from Baldwin on May 3, 2001, as having satisfied all post-judgment interest but only partially satisfying the underlying judgment. This characterization was deceptive, especially because the California Court of Appeal decision modifying post-judgment interest was not attached to the Filing of Foreign Judgment, and no mention was made of such decision. Burns attempts to justify his failure to disclose the fact that the judgment he seeks to enforce in Idaho was superceded in California on the basis that the Court of Appeal's modification of the judgment was void, maintaining that the California Court of Appeal had no jurisdiction to contravene the California Constitution regarding judgment interest and had no jurisdiction to modify a judgment that was already affirmed on a previous appeal. Regardless, he did not disclose the fact to the Idaho court that he was attempting to collect on a judgment that had been modified in California eliminating his right to recover that interest. He did not disclose that there had been a full satisfaction of the subsequent judgment. Burns is a lawyer.

Baldwin filed a motion to strike and vacate the foreign judgment on June 15, 2001. The district court granted the motion holding that "[s]ince the California Court ruled on [the] jurisdictional issue, and no further appeal was taken, the issue of jurisdiction became *res judicata*, and the judgment is entitled to full faith and credit, in its entirety, in this State." The district court also awarded costs and attorney fees to Baldwin. Burns appealed.

## III.

## THE CALIFORNIA JUDGMENT WHICH BURNS ATTACKS IS ENTITLED TO FULL FAITH AND CREDIT AND HIS CLAIM FOR ADDITIONAL INTEREST UNDER THE ORIGINAL JUDGMENT IS BARRED

### A. Standard of Review

■ This is an appeal from an order by the district court granting Baldwin's motion to strike a foreign judgment filed in Idaho pursuant to I.C. § 10–1301 *et seq.* The dismissal was based on giving full faith and credit to the California Court of Appeal modification decision. This is a question of law over which this Court exercises free review.

### B. The Full Faith and Credit Clause bars a collateral attack in Idaho on the modified judgment entered in California.

■ Burns argues that the California Court of Appeal decision that disallowed post-judgment interest from the entry of the original judgment to the first remittitur is invalid on the basis that the California Court of Appeal was without jurisdiction to order such a modification. Burns does not assert that the California Court of Appeal lacked personal or subject matter jurisdiction. He maintains that the decision of the Court of Appeal contravenes the California Constitution. Therefore, he argues, the court had no jurisdiction to enter the order.

The constitutional provision at issue states the following:

The rate of interest upon a judgment rendered in any court of this State shall be set

by the Legislature at not more than 10 percent per annum. Such rate may be variable and based upon interest rates charged by federal agencies or economic indicators, or both.

In the absence of the setting of such rate by the Legislature, the rate of interest on any judgment rendered in any court of the state shall be 7 percent per annum.

Cal. Const. art. XV, § 1.

The constitutional provision says nothing of the timing of judgment interest. Burns relies on California case law and statutes that seemingly interpret this provision as providing for judgment interest from the date of entry of judgment. In *San Francisco Unified School District v. San Francisco Classroom Teachers Ass'n*, 222 Cal.App.3d 146, 272 Cal.Rptr. 38 (Ct.App.1990), the court articulated the holding of *Harland v. State*, 99 Cal.App.3d 839, 160 Cal.Rptr. 613 (Ct.App. 1979) as being that "article XV, section 1, mandates postjudgment interest ... and that the interest begins to accrue when the judgment is entered." *San Francisco*, 272 Cal. Rptr. at 40. At issue in the Harland case was whether the State of California was obligated to pay interest on a judgment obtained against it in a tort action. The primary holding in *Harland* was that the State was not immune from paying judgment interest. With respect to when interest begins, the only relevant statement by the *Harland* court was that it would be contrary to the constitution to say that "a judgment bears interest only after it becomes final." *Harland*, 160 Cal.Rptr. at 615. It does not appear that the California Supreme Court has

determined the applicability of the California constitutional provision to the particular issue in this case. The constitutionality rule claimed by Burns is based upon court decisions interpreting the California Constitution, not a precise statement of the Constitution. He also points to two sections of the California Code of Civil Procedure in support of his constitutional argument.[1] These sections, however, are not interpretations of the constitution.[2]

■ The Full Faith and Credit clause provides that "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. art. IV, § 1. A valid judgment entered in a sister state with jurisdiction is entitled to full faith and credit in the courts of another state to the same extent it is respected by the courts of the state where the judgment was rendered. U.S. Const. art. IV, § 1; *Nevada v. Hall*, 440 U.S. 410, 421, 99 S.Ct. 1182, 1188, 59 L.Ed.2d 416, 425 *reh'g denied*, 441 U.S. 917, 99 S.Ct. 2018, 60 L.Ed.2d 389 (1979). "When a court is called upon to enforce a foreign judgment, 'it may inquire into the jurisdictional basis of the foreign court's decree' to determine whether full faith and credit must be accorded." *Schwilling v. Horne*, 105 Idaho 294, 297, 669 P.2d 183, 186 (1983) (quoting *Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Ass'n*, 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982)). For example, a foreign judgment is not entitled to full faith and credit where it would be void in the state

1. The first section that Burns relies on states in relevant part that "[e]xcept as provided in subdivision (b), interest commences to accrue on a money judgment on the date of entry of the judgment. [subdivision (b) addresses judgments payable in installments]." Cal.Code Civ. Proc. § 685.020(a). The second section states in relevant part, "Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining *unsatisfied*." Cal. Code Civ. Proc. § 685.010(a).

2. With regard to these sections, the California *Court of Appeal responded:*

We recognize that this result [denying interest before the remittitur] may conflict with the broad interpretation of section 685.020 given by the courts in *Espinoza [v. Rossini*, 257 Cal.

App.2d 567, 65 Cal.Rptr. 110 (Ct.App.1967)] and *Ehret [v. Congoleum Corp.*, 87 Cal.App.4th 202, 104 Cal.Rptr.2d 370 (Ct.App.2001)]. However, our holding does no violence to the text of the statute itself, because Burns's successful motion for a new trial on damages vacated the judgment, and therefore there was no judgment remaining unsatisfied (and thus no money judgment which Baldwin could pay in order to avoid liability for post-judgment interest). Thus we reverse the portion of the trial court's November 24, 1999 order providing for the accrual of post-judgment interest from the time of the original judgment, and order post-judgment to accrue as of the date of the remittitur.

where it was rendered for lack of in personam jurisdiction. *Id.* at 297, 669 P.2d at 186. However, where the question of jurisdiction was "fully and fairly litigated and finally decided," the judgment rendered by the sister state is entitled to full faith and credit. *Soden Int'l, Inc. v. First Security Bank of Idaho,* 108 Idaho 732, 734, 701 P.2d 1297, 1299 (1985) (quoting *Schwilling,* 105 Idaho at 297, 669 P.2d at 186); *see also Underwriters,* 455 U.S. at 706–07, 102 S.Ct. at 1367, 71 L.Ed.2d at 571–72.

In this case the matter of jurisdiction was fully and fairly litigated before the California Court of Appeal. Burns argued in the California Court of Appeal that it did not have jurisdiction to modify the judgment on the basis that the judgment had been affirmed on the first appeal. The Court of Appeal responded to Burns's arguments in the first section of its March 21, 2001 unpublished opinion:

## I. THIS COURT HAS JURISDICTION TO DECIDE THE PARTIES' APPEALS.

Burns contends we have no jurisdiction to hear Baldwin's appeal. We reject this contention. The trial court's November 24, 1999 order denying Baldwin's motion to vacate the judgment under section 663, and enter a new judgment providing for a $1 million offset under section 877, is an appealable order.[3]

Once the California Court of Appeal determined that it had jurisdiction, "the issue of jurisdiction then became *res judicata* subject, of course, to appeal claiming error in that ruling." *Soden,* 108 Idaho at 734, 701 P.2d at 1299. There was no appeal of the California Court of Appeal decision. Instead, on the day after the appellate decision, Burns faxed a letter to Baldwin expressing his expectation that the judgment be immediately paid. Baldwin tendered payment of the modified judgment approximately a month later, and Burns filed an Acknowledgment and Satisfac-

tion of Judgment. Burns now challenges in Idaho the jurisdiction of the California Court of Appeal to modify the judgment. However, claims of error with the California Court of Appeal's determination of its own jurisdiction should have been made on appeal to the California Supreme Court. This Court must afford the Court of Appeal judgment full faith and credit.

Burns also argues that neither of the two jurisdictional arguments currently on appeal was fully and fairly litigated because neither was specifically discussed by the California Court of Appeal. Therefore, that court did not actually or tacitly "decide" those issues. Burns relies on *St. Sava Mission Corp. v. Serbian Eastern Orthodox Diocese,* 223 Cal.App.3d 1354, 273 Cal.Rptr. 340 (Ct. App.1990), which he says holds that where the first state has not "litigated and decided" the question of jurisdiction that it cannot be res judicata on that issue. *Id.* at 346. In *St. Sava,* the court found that the court making the first judgment "made no decision at all respecting jurisdiction." *Id.* Burns says that the California court did not decide the exact jurisdictional issues raised by him now. However, the California court certainly did make a decision as to its jurisdiction. Also, a court is not required to address all jurisdictional arguments before it in its opinion. *See Lewis v. Superior Court,* 19 Cal.4th 1232, 82 Cal.Rptr.2d 85, 970 P.2d 872, 894 (1999) ("the court need not discuss every case or fact raised by counsel in support of the parties' positions"). In addition, in *St. Sava* the court found that the previous court did not have jurisdiction because *St. Sava* was never served with a summons or complaint and did not appear in the action. Here, there was personal jurisdiction and the opportunity was given to fully and fairly litigate the issue. Burns cannot take advantage of his own failure to raise issues in the proper forum. The United States Supreme Court stated in *Underwriters,* "A party cannot escape the requirements of full faith and credit and res

**3.** California Court of Appeal footnote: *Norager v. Nakamura* (1996) 42 Cal.App.4th 1817, 1819 fn. 1, 50 Cal.Rptr.2d 481 ("an order denying a motion to vacate a judgment and to enter a new and different judgment pursuant to Code of Civil Procedure section 663 is appealable"); *Generale*

*Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394, 72 Cal.Rptr.2d 188 (where the law provides for a motion to vacate, an order denying such a motion is appealable as a special order made after final judgment).

judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding." 455 U.S. at 710, 102 S.Ct. at 1369, 71 L.Ed.2d at 574.

## IV.

## THE COURT OF APPEAL JUDGMENT IS IMMUNE FROM COLLATERAL ATTACK

Under California law,

[c]ollateral attack is proper to contest lack of personal or subject matter jurisdiction or the granting of relief which the court has no power to grant. Nonjurisdictional errors, however, are not appropriate procedural targets within this context. Thus a failure to state a cause of action, insufficiency of evidence, abuse of discretion, and mistake of law have been held nonjurisdictional errors for which collateral attack will not lie.

*Armstrong v. Armstrong,* 15 Cal.3d 942, 126 Cal.Rptr. 805, 544 P.2d 941, 945–46 (1976) (en banc) (alteration in original) (citations omitted).

The Court of Appeal had personal and subject matter jurisdiction and had the power and authority to modify a judgment that came to it on appeal. *See, e.g., Griset v. Fair Political Practices Comm'n,* 25 Cal.4th 688, 107 Cal.Rptr.2d 149, 23 P.3d 43, 51 (2001) ("A reviewing court has authority to 'affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had.' ") (quoting Cal.Code Civ. Proc. § 43). Further, the Court of Appeal clearly has the authority to interpret the laws and constitution of its own state.

▆▆▆ The two jurisdictional arguments presented on this appeal are allegations of mistakes of law, which are nonjurisdictional errors beyond the pale of a collateral attack under *Armstrong.* A judgment of a court without jurisdiction is void, and void judgments may be attacked at any time, *see Burnham v. Superior Court of California,* 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (California); *Milrot v. Stamper Medi-*

*cal Corp.,* 44 Cal.App.4th 182, 51 Cal.Rptr.2d 424 (Ct.App.1996), but the California court had jurisdiction over the persons and issues. There is no basis to say that the judgment of the California Court of Appeal is void. Burns is simply asking this Court to substitute its interpretation of California law for that of the California Court of Appeal. That would be strange jurisprudence and will not occur.

## V.

## THE TRIAL COURT CORRECTLY STRUCK THE FILING OF THE FOREIGN JUDGMENT AND AWARDED ATTORNEY FEES AND COSTS TO BALDWIN

Clearly the district court properly struck the judgment relied upon by Burns. Equally clearly the district court did not abuse its discretion in awarding Baldwin attorney fees.

### A. Standard of Review

▆▆▆ The awarding of attorney fees and costs under I.C. § 12–121, I.R.C.P. 54(e)(1), and I.R.C.P. 54(d)(1) is within the discretion of the trial court and subject to an abuse of discretion standard of review. *O'Boskey v. First Fed. Sav. & Loan Ass'n,* 112 Idaho 1002, 1008, 739 P.2d 301, 307 (1987); *Bowles v. Pro Indiviso, Inc.,* 132 Idaho 371, 374, 973 P.2d 142, 145 (1999). The burden is on the party disputing the award of attorney fees to show an abuse of discretion. *Nampa & Meridian Irr. Dist. v. Washington Fed. Sav.,* 135 Idaho 518, 525, 20 P.3d 702, 709 (2001).

### B. The district court's award of attorney fees was not an abuse of discretion.

▆▆▆ To determine whether the award of attorney fees was an abuse of discretion, this Court applies the three-factor test from *Sun Valley Shopping Center:* "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of

reason." *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). The district court correctly perceived that it had discretion to decide attorney fees and acted within the boundaries of its discretion and consistent with legal standards. Trial courts may award attorney fees under I.C. § 12–121 if the case was "brought, pursued or defended frivolously, unreasonably or without foundation." I.R.C.P. 54(e)(1). The district court found that Burns "demonstrated remarkable lack of candor with the court" in filing a foreign judgment with no reference to its modification by the Court of Appeal and without attaching that opinion. In addition, the filing itself characterized the "unpaid" portion as being part of the underlying judgment rather than the interest that was disallowed by the Court of Appeal. When Baldwin paid Burns, it was clearly meant to satisfy the modified judgment, which included the underlying judgment and the modified interest amount. Burns clearly knew that the foreign judgment which he filed in Idaho had been modified and satisfied as a matter of law and that the issues that he raised would be barred by the Full Faith and Credit Clause and *res judicata. See Cole v. Kunzler,* 115 Idaho 552, 558, 768 P.2d 815, 821 (Ct.App.1989) (holding that once a defense of *res judicata* is blatantly apparent, further litigation is frivolous, warranting an award of attorney fees). The district court exercised reason in arriving at its award of attorney fees. The award of attorney fees was not an abuse of discretion and is affirmed.

## VI.

### BALDWIN IS ENTITLED TO ATTORNEY FEES AND COSTS ON APPEAL

Attorney fees may be awarded pursuant to I.C. § 12–121 on appeal if this Court is left with an abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Both parties rely in part on *Bowles v. Pro Indiviso, Inc.,* 132 Idaho 371, 377, 973 P.2d 142, 148 (1999), for the standard for awarding attor-

ney fees on appeal: "An award of attorney fees is appropriate if the law is well-settled and the appellants have made no substantial showing that the district court misapplied the law." (internal quotation marks omitted) (quoting *Keller v. Rogstad,* 112 Idaho 484, 489, 733 P.2d 705, 710 (1987)). Burns has not made a substantial showing that the district court misapplied the law. This appeal was without merit.

## VII.

### CONCLUSION

The decision of the district court is affirmed. Baldwin is awarded costs and attorney fees on appeal.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN concur.