# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35509

LARRY C. JOHNSON, )
)
    Plaintiff-Respondent-Cross Appellant, )
)
v. )
)
CLAUDIA S. JOHNSON, )
)
    Defendant-Appellant-Cross Respondent. )

Boise, May 2009 Term

2009 Opinion No. 113

Filed: September 8, 2009

Stephen Kenyon, Clerk

---

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Stephen W. Drescher, District Judge. Hon. Debra A. Orr, Magistrate Judge. Hon. James A. Schiller, Magistrate Judge

The decision of the district court is <u>reversed</u>. The decision of the magistrate court to stay proceedings pending appeal is <u>affirmed</u>.

Cosho Humphrey, LLP, Boise, for appellant. Stanley Welsh argued. Mackenzie Whatcott appeared.

Bevis, Thiry & Schindele, P.A., for respondent. James Bevis argued. Phillip Bevis appeared.

---

HORTON, Justice

This appeal presents questions of jurisdiction over child custody and divorce proceedings. Appellant/Cross-Respondent Claudia Johnson (Claudia) appeals from a district court's decision reversing a magistrate judge's orders finding that Idaho does not have jurisdiction over the issue of child custody and dismissing the remaining issues in the parties' divorce action pursuant to I.R.C.P. 12(b)(8). Respondent/Cross-Appellant Larry Johnson (Larry) appeals the magistrate court's decision to stay the proceedings upon remand pending the outcome of this appeal. Because the issue of whether Idaho has jurisdiction over the issue of child custody was not raised on appeal to the district court, and because the magistrate judge was appropriately concerned about inconsistent determinations from the Idaho and New York courts on the remaining issues in the divorce action, we reverse the district court's decision. We further hold that it was not error for the magistrate judge to stay the proceedings pending the outcome of this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Larry and Claudia were married in 1984 and had three children, including two daughters who were minor children when these proceedings began and who are subjects of this appeal.[1] The parties and their children lived in Buffalo, New York, for approximately eleven years before Larry obtained employment in Caldwell, Idaho. Larry moved to Caldwell in January of 2006, and the family sold their house in Buffalo and purchased a home in Caldwell in June of 2006. Claudia and the children joined Larry in Idaho on July 18, 2006. Claudia took a job and the girls enrolled in school.

On October 3, 2006, Claudia and the girls traveled to Pittsburgh, Pennsylvania, and Claudia did not inform Larry of their whereabouts until late that evening. Claudia visited an attorney in New York on October 5, 2006, and served Larry via fax with a summons for a divorce action. The next day Larry filed a divorce complaint in Idaho. On October 20, 2006, pursuant to a motion filed by Larry, a magistrate judge in Idaho issued an order to show cause why primary custody of the children should not be awarded to Larry and set the matter for hearing. Claudia filed a limited notice of appearance and moved to quash the order.

On October 26, 2006, a New York court issued an order granting temporary custody of the girls to Claudia and directing that they could not be removed from New York until further order of the court. Claudia filed a copy of the order with the Idaho court on November 17, 2006. On November 29, 2006, after a hearing and telephone conference with the New York judge, the Idaho magistrate judge entered an order finding that, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), I.C. §§ 32-11-101 *et seq.*, New York is the girls' home state, that New York has the most significant contacts with the children, and Idaho therefore does not have jurisdiction over custody issues.

On December 18, 2006, Claudia moved to dismiss the remaining issues in the Idaho action pursuant to I.R.C.P. 12(b)(8). Claudia later renewed her motion and submitted a February 7, 2007 order from the New York court stating that New York has jurisdiction over all issues except *in rem* jurisdiction over property in Idaho and clarifying that New York has personal jurisdiction over Larry pursuant to New York's long-arm statute. Larry filed a notice of appeal in New York regarding the February 7, 2007 order.

---

[1] The eldest daughter, E.J., turned eighteen on February 3, 2009.

On February 20, 2007, after a hearing and telephone conference with the New York judge, the magistrate judge in Idaho entered an order dismissing the remaining issues pursuant to I.R.C.P. 12(b)(8). Larry appealed this order. Claudia moved to dismiss the appeal, and on May 2, 2008, the district court denied Claudia's motion and reversed the magistrate judge's orders regarding jurisdiction over custody issues and dismissing the remainder of the action pursuant to I.R.C.P. 12(b)(8). The district court remanded the matter and instructed the magistrate judge to reconsider the case in light of this Court's decision in *Hopper v. Hopper*, 144 Idaho 624, 167 P.3d 761 (2007). Claudia appealed that decision to this Court.

Upon remand, Larry filed a motion for automatic disqualification of the first judge and a different magistrate judge assumed the case. Larry then moved for temporary orders awarding him summer visitation. On July 22, 2008, the new magistrate judge issued an order denying Larry's request for summer visitation and staying all proceedings pending the outcome of Claudia's appeal. Larry cross-appeals that decision.

## II. STANDARD OF REVIEW

This Court reviews the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate judge's findings of fact and whether the magistrate judge's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (citing *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). This Court freely reviews a lower court's conclusions of law. *Navarro v. Yonkers*, 144 Idaho 882, 885, 173 P.3d 1141, 1144 (2007).

## III. ANALYSIS

Claudia first argues that the magistrate judge's November 29, 2006 order regarding custody was not properly before the district court because Larry did not appeal that order, and further that even if that order was before the court, it erred in reversing it because Idaho does not have jurisdiction over child custody issues. Claudia next argues that the district court erred in reversing the magistrate judge's dismissal of the remaining issues in the action pursuant to I.R.C.P. 12(b)(8) because the magistrate judge was correctly concerned about inconsistent determinations from the Idaho and New York courts. Larry argues that it was an abuse of

discretion by the magistrate judge to stay the case upon remand pending this appeal. Finally, both parties request an award of attorney fees on appeal. We will discuss each issue in turn.

**A. Larry waived the issue of child custody on appeal before the district court, and thus the court erred in reversing the magistrate judge's November 29, 2006 order.**

Claudia argues that Larry did not appeal the November 29, 2006 order, and she points out that Larry's notice of appeal only makes explicit that he was appealing the magistrate judge's February 20, 2007 order, which pertains only to the issues of property and debt, divorce, child support and spousal maintenance. Idaho Appellate Rule 17(e) states in relevant part, however, that:

> (1) **A Designation of the Judgment, Order or Decree Appealed From.**
> The notice of appeal shall designate the final judgment, order or decree appealed from which shall be deemed to include, and present on appeal:
>
> (A) All interlocutory judgments, orders and decrees entered prior to the judgment, order or decree appealed from . . . .

Thus, despite the fact that there is no mention anywhere in Larry's notice of appeal of the November 29, 2006 order regarding child custody jurisdiction, pursuant to I.A.R. 17(e), the notice is deemed to include that interlocutory order. Even so, we conclude that Larry failed to present the issue before the district court and that the district court therefore erred in reversing the magistrate judge's November 29, 2006 order.

Although Larry requested a transcript of the February 14, 2007 hearing upon which the February 20, 2007 order is based for his appeal to the district court, he made no such request for the November 17, 2006 transcript upon which the November 29, 2006 order is based. In other words, Larry did not place before the district court the text of the magistrate court's telephonic discussion with the New York court and its oral findings regarding child custody jurisdiction. In addition, not only does Larry's lack of a request for a transcript indicate that he was not appealing the order regarding custody jurisdiction, his brief before the district court did not identify the magistrate judge's determination regarding child custody jurisdiction as an issue on appeal. Rather, the 21-page brief advanced Larry's contention that the New York court lacked personal jurisdiction over him and contained only a single sentence, relegated to a footnote, which asserted that Idaho also has jurisdiction over child custody due to the children's significant connections with Idaho and the availability of substantial evidence regarding the children's care, protection, training, and personal relationships. Moreover, in the last line of the body of his

brief, Larry argued against the magistrate court's dismissal under I.R.C.P. 12(b)(8) while conceding that Idaho does not have jurisdiction over child custody: "Idaho is the only state with personal jurisdiction over both parties and subject matter jurisdiction to decide all issues *except for custody*." (Emphasis added.)

In short, it is evident that Larry did not appeal the custody order. Even if that was his intention, he waived the issue of custody by failing to list it as an issue on appeal or legitimately argue it in his brief. *Rowley v. Fuhrman*, 133 Idaho 105, 108, 982 P.2d 940, 943 (1999) (holding that appellant's failure to designate and argue an issue on appeal constituted a waiver of the issue under I.A.R. 35). Thus, the district court erred in considering the issue. We therefore reverse the district court's decision regarding the magistrate judge's November 29, 2006 order.

**B. The district court erred in reversing the magistrate judge's February 20, 2007 order dismissing the remaining issues in the case pursuant to I.R.C.P. 12(b)(8).**

After the magistrate judge issued an order finding that New York had jurisdiction over custody issues, Claudia moved to dismiss the remainder of Larry's divorce action pursuant to I.R.C.P. 12(b)(8) on the basis that the same action was pending in a New York court, and the magistrate court granted that motion. Larry's argument with respect to this issue is that the district court was correct to reverse the magistrate court's decision because New York did not have personal jurisdiction over him and, therefore, the New York proceedings were not valid and would not be entitled to full faith and credit. Claudia argues that the district court should have granted her motion to dismiss Larry's appeal on this issue because, after the magistrate judge entered the order, Larry appeared in New York court thereby subjecting himself to personal jurisdiction, thus rendering his appeal moot. We conclude that the district court erred in reversing the magistrate judge and in declining to grant Claudia's motion to dismiss Larry's appeal.

A trial court's determination under I.R.C.P. 12(b)(8) whether to proceed with an action where a similar case is pending in another court is discretionary. *Klaue v. Hern*, 133 Idaho 437, 439, 988 P.2d 211, 213, (1999) (citation omitted). This Court will not overturn the decision on appeal unless the trial court abused its discretion. *Id.* When determining whether a trial court abused its discretion, an appellate court considers (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it;

and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Pursuant to I.R.C.P. 12(b)(8), a trial court may dismiss an action where there is "another action pending between the same parties for the same cause." "Two tests govern the determination of whether a lawsuit should proceed where a similar lawsuit is pending in another court. First, the court should consider whether the other case has gone to judgment, in which event the doctrines of claim preclusion and issue preclusion may bar additional litigation." *Klaue*, 133 Idaho at 440, 988 P.2d at 214 (citation omitted). At the time the magistrate judge granted Claudia's motion to dismiss, the matter had not gone to judgment in New York. "The second test is whether the court, although not barred from deciding the case, should nevertheless refrain from deciding it." *Id.*

The magistrate judge's principal reason for granting Claudia's motion to dismiss was a desire not to have "separate orders pending in two separate states." The magistrate judge noted that the New York court had entered an order on February 7, 2007, stating that it had jurisdiction over all matters related to the divorce action as well as personal jurisdiction over Larry. Larry's New York attorney filed notice that Larry intended to appeal that order. The magistrate judge noted this intention, but granted Claudia's motion to dismiss, telling Larry "[i]f New York doesn't have jurisdiction over you and this gets set aside, you certainly can come back in here and do that. But at this point in time, New York . . . says that they have jurisdiction over you." Considering the magistrate judge's valid wish to avoid conflicting orders, coupled with the reasonable invitation for Larry to return to the Idaho court should the New York order be overturned, it cannot be said that the court abused its discretion in granting Claudia's motion.

More importantly, after the hearing before the magistrate judge, Larry's argument that New York did not have personal jurisdiction over him was mooted by his own actions.[2] On April 20, 2007, Larry entered a notice of appearance with the New York court requesting relief in the divorce matter. Larry argues he had not authorized his attorney to make this appearance on his behalf. Regardless, on November 13, 2007, Larry's new attorney appeared before the New York court. At that hearing, Larry's counsel did inform the court that Larry was only there "under protest." His counsel went on to state, however, that he was there "because [Larry] wants

---

[2]    "This court may dismiss an appeal when it appears that only a moot question is involved. In making this determination, this court may properly consider facts arising after the entry of the judgment appealed." *Downing v. Jacobs*, 99 Idaho 127, 127-28, 578 P.2d 243, 243-44 (1978) (citations omitted).

to get the rest of these issues litigated." The New York court noted that Larry could not appear and simultaneously contest personal jurisdiction, and instructed Larry that if he wished to maintain his objection to personal jurisdiction, he needed to leave and proceed by default. Larry's attorney, rather than withdrawing and accepting a default judgment replied: "He's here, we're ready to proceed." By this action, according to New York law, Larry submitted to New York's jurisdiction. *Henderson v. Henderson*, 160 N.E. 775 (N.Y. 1928) (holding that the general rule in New York is that when a defendant becomes an actor in a suit to the extent of participating in the merits he submits to the personal jurisdiction of the court). Furthermore, in so doing, Larry effectively resolved the issue of personal jurisdiction, which was the basis for his appeal from the February 7, 2007 order, thereby entitling that order to full faith and credit in Idaho. *Burns v. Baldwin*, 138 Idaho 480, 485, 65 P.3d 502, 507 (2003) (holding that where the question of jurisdiction is fully and fairly litigated and finally decided, the judgment rendered by the sister state is entitled to full faith and credit).

For these reasons, we conclude that the district court erred in reversing the magistrate judge's order granting Claudia's motion to dismiss pursuant to I.R.C.P. 12(b)(8) and in denying Claudia's motion to dismiss Larry's appeal. We therefore reverse.

## C. It was not an abuse of discretion for the new magistrate judge to stay the action upon remand pending the outcome of this appeal.

Upon remand from the district court, the new magistrate judge declined Larry's motion requesting that the court order summer visitation and instead stayed the proceedings pending the outcome of Claudia's appeal. Pursuant to I.A.R. 13(b)(14), this was within the magistrate judge's authority.[3] Before the magistrate court, Larry conceded that the judge had the power to stay proceedings; however, he argues that by not immediately ordering Claudia to return the children to Idaho pursuant to *Hopper*, the court abused its discretion.

---

[3]     I.R.C.P. 83(i)(2) provides that "[d]uring the pendency of an appeal from the magistrate's division to the district court, and any further appeal to the Supreme Court, the magistrate shall have the same powers and authority granted to a district judge by rule 13(b) of the Idaho Appellate Rules during an appeal to the Supreme Court."
I.A.R. 13 states in relevant part that:

> In civil actions, unless prohibited by order of the Supreme Court, the district court shall have the power and authority to rule upon the following motions and to take the following actions during the pendency on an appeal;
> . . .
> (14) Stay execution or enforcement of any judgment, order or decree appealed from, other than a money judgment, upon the posting of such security and upon such conditions as the district court shall determine.

The magistrate judge's comments clearly reflect that he recognized that the decision whether to grant the stay was committed to his discretion. In denying Larry's motion and staying the proceedings, the magistrate judge observed that "[i]f the Supreme Court says, [the initial magistrate judge] was correct and New York should have taken jurisdiction, then my trial that I try pending appeal is a total waste of time, effort and money." The court went on to state that one purpose behind the UCCJEA is to avoid conflicting orders from different jurisdictions and that: "New York has entered its orders. If I enter conflicting orders, then how do we enforce that?" In light of these statements from the trial court, we conclude that the decision was consistent with applicable legal standards and reflected the exercise of reason. We conclude that the magistrate judge did not abuse his discretion by staying proceedings pending the outcome of this appeal.

**D. No attorney fees are awarded in this appeal.**

Larry seeks attorney fees pursuant to I.C. § 12-121; however, he is not eligible for such an award as he has not prevailed on appeal. I.C. § 12-121. Claudia, also pursuant to I.C. § 12-121, seeks an award of attorney fees incurred in defending against Larry's cross-appeal, in which she has prevailed. The Court is authorized to award attorney fees under that provision if it is left with an abiding belief that the appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Burns v. Baldwin*, 138 Idaho at 487, 65 P.3d at 509 (citation omitted). We are unable to conclude that Larry's cross-appeal was pursued unreasonably or without foundation. We therefore decline to award Claudia her attorney fees.

## IV. CONCLUSION

We reverse the decision of district court and affirm the newly-assigned magistrate judge's decision to stay proceedings pending appeal. We do not award attorney fees on appeal. We award costs on appeal to Claudia.

Chief Justice EISMANN, Justices J. JONES, W. JONES and Justice Pro Tem TROUT **CONCUR**.