[Civ. No. 4439. Fourth Dist. Dec. 17, 1951.]

ETHEL C. REMINGTON, an Incompetent Person, etc., Respondent, v. MANSELL A. DAVIS et al., Appellants.

Blodget & Blodget for Appellants.

David D. French and E. J. Marks for Respondent.

BARNARD, P. J.—This action was brought to recover certain properties alleged to have been obtained from Mrs. Remington by means of fraud committed by Davis. After trial the court made its findings of fact and conclusions of law. It was found, in part, that a number of properties, real and personal, had been fraudulently obtained by Davis from Mrs. Remington; that an accounting was necessary for the purpose of determining the exact amount wrongfully appropriated by Davis; that jurisdiction was reserved for the purpose of said accounting, and of rendering judgment against

Davis for the appropriate amount; that it is not true that the action is barred by various statutes of limitation; and that the plaintiff had no knowledge or notice of certain material facts until shortly before the action was filed. An "interlocutory" judgment was entered decreeing that certain instruments be cancelled, and certain properties be transferred to the plaintiff; and further decreeing that jurisdiction be retained for the purpose of taking an accounting, ascertaining the credits, if any, allowable to the defendants, and of rendering a "final judgment" for the amount found due to the plaintiff, and for the return of any of the properties in question remaining in the possession of the corporate defendant.

The defendants moved to vacate and set aside this judgment, and to enter a new and different judgment decreeing that plaintiff's cause of action is barred by certain statutes of limitation, and quieting title to the property in the defendants in accordance with their cross-complaint. This motion was denied and the defendants filed a notice of appeal from that order. The plaintiff has moved to dismiss that appeal on the grounds that this order is not appealable, and that the appeal is frivolous and was taken merely for delay.

The appellants contend that it is immaterial that the judgment entered was interlocutory; that the words "judgment or decree" in section 663, Code of Civil Procedure, under which the motion was made, refer to any judgment or decree, whether final or interlocutory; that under that section the facts found must be taken as established, and it is the court's duty to enter a correct judgment thereon, regardless of whether it be final or interlocutory; that for this reason section 663a contains a special provision permitting an appeal from such an order; and that, citing *Socol* v. *King,* 34 Cal.2d 292 [209 P.2d 577], this provision also permits an appeal from an order denying such a motion. It is argued that section 663a provides that such an order may be reviewed on appeal in the same manner as an "order made after final judgment"; that without this provision such an order would be appealable under section 963; that this provision would be meaningless unless it was intended to permit an appeal from such an order involving an interlocutory judgment; and that the only logical conclusion is that this appeal provision was inserted for the purpose of covering the situation which here appears.

■ Sections 663 and 663a are not expressly made applicable to interlocutory judgments, and there is nothing in the language used which indicates that they were so intended. Section 663 provides for a motion to set aside a judgment and enter a different judgment based upon the facts already found, where improper conclusions of law had been drawn from those facts. Such a situation involves questions of law only, and strongly indicates that the judgment which may be thus changed is one final in nature and not one which leaves issues still to be determined. Section 663a provides that an order made under section 663 may be reviewed on appeal ''in the same manner as a special order made after final judgment.'' This refers to a final judgment, strongly indicates that the situation is to be treated as though a final judgment had been entered, and is a further indication that the judgment referred to in section 663 was intended to be a final judgment. Section 577 defines a ''judgment'' as the final determination of the rights of the parties. ■ It appears more reasonable that the appeal provision was inserted in section 663a for the purpose of removing any doubt or confusion as to the appealability of such an order, rather than for the purpose of allowing an appeal from an order refusing to change an interlocutory judgment. Some of the reasoning in *Peninsula Prop. Co.* v. *County of Santa Cruz,* 106 Cal.App. 2d 669 [235 P.2d 635], is here applicable.

■ The order here appealed from was clearly not appealable under section 963 of the Code of Civil Procedure, and it must be held that it was not appealable under section 663a.

It is unnecessary to decide the further question argued as to whether the appeal is frivolous. It may be observed, however, that the appellant's contentions are based upon the claim that it appears as a matter of law that the court's conclusions with respect to the running of the statute of limitations are not supported by the findings of fact. It appears probable that questions of fact will be involved in passing on the matters thus relied on. (*Dabney* v. *Philleo,* 38 Cal.2d —— [237 P.2d 648].)

The motion is granted and the appeal is dismissed.

Griffin, J., and Mussell, J., concurred.