Filed 11/10/14  Young v. Taunton CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KELE YOUNG, | |
| Plaintiff and Appellant, | G050077 |
| v. | (Super. Ct. No. CIVVS1104820) |
| STEPHANIE TAUNTON, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of San Bernardino County, John P. Vander Feer, Judge.  Affirmed.

Kele Young, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Kele Young appeals from an order after the trial judge denied her motion to vacate and set aside an order entered after a different trial judge concluded Young failed to meet her burden of proving Stephanie Taunton made a credible threat of violence justifying a permanent restraining order. Young argues both trial judges erred. Taunton did not file a respondent's brief. Young's contentions are meritless, and we affirm the order.

FACTS

On September 1, 2011, Young filed a request for an order to stop Taunton's harassment. Young is the owner of Magic Jungle, Inc., a wildlife preserve. Taunton is the operator of Bow Wow Productions and Hesperia Zoo. In her request, Young stated that on August 31, 2011, Taunton made a credible threat of violence against her and the animals at her wildlife preserve.

Young and Taunton were present at a hearing on September 2, 2011. Young stated Taunton called her and said, "'Well, you fucked with the wrong people. You pissed off the wrong people.' . . . 'You think you've never had any problems out at your facility? Well, you wait and see what's going to happen to you now, and you fucking wait and see what's going to happen to all those fucking animals.'" Relying on a United States Department of Agriculture (USDA) consent decision and order from May 2008 against Taunton, Young stated her animals were threatened. The USDA issued its May 2008 order after inspections established Taunton violated the Animal Welfare Act (7 U.S.C. § 2131 et seq.), and federal regulations (9 C.F.R. § 1.1 et seq.) at her facility. Taunton said she called Young and asked her why she was distributing the USDA's inspection reports to newspapers and colleagues. Taunton admitted she accused Young of not operating "'a real sanctuary,'" which she admitted was a mistake. But Taunton claimed she did not threaten Young, raise her voice at her, or swear at her.

The trial court, Judge Steve Malone, concluded there was a credible threat of violence and issued a temporary order prohibiting Taunton from harassing, contacting,

or coming within 100 yards of Young, her home, place of employment, vehicle, and the wildlife preserve. The court set a hearing for September 22, 2011, and granted Young a fee waiver.

On September 22, 2011, Commissioner Robert Fowler dismissed the matter without prejudice concluding Taunton had not been served. That same day, Young re-filed a request for an order to stop harassment. In her request, Young stated that on August 31, 2011, and September 20, 2011, Taunton and her associates made credible threats of violence via telephone and text message against her and the animals at her wildlife preserve. She also stated rattlesnakes had been set free on her property.

At a hearing before Judge Gilbert G. Ochoa on September 26, 2011, Young was present. Taunton was not present but was represented by counsel. A transcript of this proceeding is not part of the record before us but we have the minute order from that date. The trial court concluded there was a credible threat of violence and issued a temporary order prohibiting Taunton from harassing, contacting, or coming within 100 yards of Young, her home, place of employment, and vehicle; the wildlife preserve was crossed out. The court set a hearing for October 13, 2011, but this time denied Young a fee waiver. Young was later granted a waiver of court fees and costs.

On October 13, 2011, the trial court granted Taunton's counsel request for a continuance because Taunton had been served that day. The matter was continued to October 21, 2011. Five days later, Taunton filed an answer to the request for a temporary order.[1] On October 21, 2011, when both Young and Taunton were present, Young's counsel requested a continuance to review Taunton's answer. Taunton objected. The trial court granted the request and continued the matter to November 1, 2011.

---

[1] The register of actions shows Taunton filed an answer, but the copy of the answer included in the clerk's transcript is not file stamped.

3

Trial was held over two days on November 1 and 3, 2011, before Judge Ochoa. A transcript of those proceedings is not part of the record before us but we have the minute orders from those dates. Both Young and Taunton were present, and Taunton was represented by counsel. Young and Taunton both testified and offered numerous exhibits. Taunton presented two witnesses to testify on her behalf. The trial court ruled Young did not satisfy her burden of proof. Taunton's counsel made a motion for attorney fees, and the trial court heard and considered argument. The court ordered Young to pay $250 in attorney fees and no court costs. On November 29, 2011, in an order after the hearing on civil harassment, the trial court found "defendant [*sic*] did not meet her burden of proof[]" and ordered Young to pay attorney fees in the amount of $250. According to Young's civil case information statement, notice of entry of judgment was served on January 24, 2012. That notice of entry of judgment is not part of the record on appeal and is not reflected in the register of actions.

On April 30, 2012, Young filed a motion to vacate and set aside the prior November 2011 order, or alternatively to vacate and set aside the order pursuant to Code of Civil Procedure section 473, subdivision (b).[2] The motion was supported by Young's declaration and numerous exhibits. Young argued "a trial should be held on all of the merits in this matter[]" because Taunton inflicted "fraud and willful surprise" on her. Young was ultimately granted a fee waiver.

Six weeks later, Young filed an *amended* motion to vacate and set aside the prior November 2011 order, or alternatively to vacate and set aside the order pursuant to section 473, subdivision (b), and principles of equity. The motion was again supported by Young's declaration and numerous exhibits. The gravamen of the motion was that Taunton engaged in fraud and surprise by representing she had not been served with the order to stop harassment and presenting witness testimony at trial that she did not

---

[2]     All further statutory references are to the Code of Civil Procedure.

previously present at the hearings on the temporary orders. A couple weeks later, Young filed a request for judicial notice and a statement of non opposition to the amended motion to vacate and set aside the order.

The trial court, Judge John P. Vander Feer, held a hearing on July 9, 2012, where both Young and Taunton appeared in propria persona. A transcript of that proceeding is part of the appellate record. The trial court recounted the matter's procedural history, including the court trial in November 2011, and stated there was no basis for him to set aside Judge Ochoa's order. Young argued Taunton made a credible threat of violence against her that resulted in two temporary restraining orders. She added that Taunton blatantly violated the temporary restraining order. She claimed Judge Ochoa did not afford her a fair adversarial hearing in part because Taunton ambushed her and offered witness testimony. She asserted the attorney fees award was completely egregious. After the court stated the superior court is not a reviewing court and there was no legal basis for him to set aside another superior court judge's ruling, Young cited to section 473, subdivision (b), and principles of equity for extrinsic fraud and repeated her arguments. The court denied Young's motion to vacate and set aside the judgment and order, explaining there was no legal basis for the court to grant relief.

On August 30, 2012, Young filed a notice of appeal. She appealed from both of the following: (1) the trial court's November 3, 2011, order denying her request for a permanent restraining order; and (2) the trial court's July 9, 2012, order denying her request to vacate and set aside the judgment and order.

Before this matter was transferred from the Court of Appeal, Fourth District, Division Two to this court by order on April 28, 2014, that court filed an order dated October 10, 2012, dismissing the appeal from the November 3, 2011, order as untimely. The order directed Young to file a letter brief explaining why the July 9, 2012, order denying her motion to vacate and set aside the order is an appealable order. Young filed a memorandum arguing an order denying a motion to vacate a default judgment is

5

an appealable order (§§ 663, 904.1), an order under section 473 is an appealable order, and an order awarding attorney fees is appealable.

## DISCUSSION

*I. Appealable Order?*

"'While a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under . . . section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable under . . . section 904.1, subdivision (b) [see now § 904.1, subd. (a)(2)].'" (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394.) Additionally, "An order denying a motion to vacate a judgment and to enter a new judgment pursuant to . . . section 663 is appealable." (*Norager v. Nakamura* (1996) 42 Cal.App.4th 1817, 1819, fn. 1.)

Here, Young's motions to vacate referenced only section 473, subdivision (b). In her memorandum to the Court of Appeal, Fourth District, Division Two, Young argued a motion to vacate pursuant to sections 663 and 904.1, is an appealable order, suggesting her motion was a section 663 motion. (*Remington v. Davis* (1951) 108 Cal.App.2d 251, 253 [§ 663 motion to vacate applies to final judgment].) Alternatively, she asserted a denial of a section 473, subdivision (b), motion is an appealable order.

With respect to Young's claim her appeal is from the denial of a section 663 motion, we disagree. First, Young's motions were based on section 473, subdivision (b), not section 663. Second, a section 663 motion would be untimely because that motion applies to final judgments. (*Simac Design, Inc. v. Alciati* (1979) 92 Cal.App.3d 146, 153 [§ 663 motion used when trial court draws incorrect conclusions of law or renders erroneous judgment on basis of uncontroverted evidence distinguished from new trial motion for sufficiency of evidence]; *Remington v. Davis* (1951)

6

108 Cal.App.2d 251, 253 [§ 663 motion to vacate applies to final judgment].) The trial court issued an order ruling in Taunton's favor on November 29, 2011. Although the notice of entry of judgment is not part of the record on appeal, in her civil case information statement Young claims notice of entry of judgment was served on January 24, 2012. Young had 15 days from that date to file a section 663 motion. (§ 663a, subd. (a)(2).) Young's motion, which she now attempts to characterize as a section 663 motion was not filed until April 30, 2012, far past the 15-day limit.

As to section 473, subdivision (b), we conclude Young's appeal from the denial of her section 473, subdivision (b), motion was timely as it was made within six months of the trial court's order denying her motion to vacate and set aside the judgment and order. However, as we explain below, that motion was deficient.

## II. *Motion to Vacate and Set Aside Judgment and Order*

Generally, a section 473, subdivision (b), motion seeks relief from judgments obtained due to mistake, inadvertence, surprise, excusable neglect, or fraud. (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 145, p. 738 [§ 473, subd. (b), motion generally seeks relief from judgments, dismissals, or stipulations entered into under voluntary agreements].) We review a trial court's ruling on a section 473, subdivision (b), motion for an abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc*. (2002) 28 Cal.4th 249, 257-258.)

Young's motion and opening brief are somewhat confusing but we discern her arguments to be as follows: (1) Judge Ochoa erred in failing to issue a permanent restraining order against Taunton prohibiting her from harassing Young and harming the animals at her wildlife preserve after having been granted two temporary restraining orders because Taunton made credible threats of violence; (2) Judge Ochoa erred in allowing Taunton's witnesses to testify at trial because they did not testify at the hearings on the temporary restraining order; (3) Judge Ochoa maliciously denied her filing fee waivers; and (4) Judge Ochoa abused his discretion in ordering her to pay unwarranted

7

attorney fees. Relying on *International Ins. Co. v. Superior Court* (1998) 62 Cal.App.4th 784, and similar authority, she also complains Judge Vander Feer erred in failing to conduct a full hearing on the merits. Neither contention has merit.

With respect to Young's assertions concerning Judge Ochoa, those issues are not before us as the appeal from the November 3, 2011, was dismissed. Assuming for the sake of argument we could review Judge Ochoa's order denying her request for a permanent restraining order, the record Young provided is inadequate to permit review of that hearing as Young did not include transcripts of the proceedings on November 1 and 3, 2011. (See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record"].) In her opening brief, Young provides a factual history of what happened on those days. Young's self-serving recollection of the proceedings though is insufficient.

As to her contention Judge Vander Feer failed to conduct a full hearing on the merits, Young has not demonstrated Judge Vander Feer abused his discretion in denying her motion. At the July 9, 2012, hearing before Judge Vander Feer, we agree Young did not provide the court with any legal justification for granting the relief she requested. Young essentially sought to reargue the merits of her civil harassment restraining order before Judge Vander Feer after Judge Ochoa had previously concluded Young failed to satisfy the clear and convincing burden of proof necessary to obtain the order. (§ 527.6, subd. (i).) Judge Vander Feer was not presented with a true section 473, subdivision (b), motion to vacate a judgment but essentially a motion for a new trial or appeal of a lower court's decision. Thus, Young failed to meet her burden of establishing reversible error.

DISPOSITION

The order is affirmed.  As there has been no appearance for Respondent, no costs will be awarded on appeal.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


FYBEL, J.