# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49967

BRIAN L. PORTER, as Trustee of the Brian )
L. Porter Revocable Trust, a California )
revocable trust, as a Member of McMillan )
Storage LLC, an Idaho limited liability )
company, )
            )
    Plaintiff-Counter-defendant- )
    Appellant-Cross Respondent, )
            )
v. )
            )
MARVIN A. REMMICH, as Manager of )
McMillan Storage LLC, an Idaho limited )
liability company; and McMILLAN )
STORAGE LLC, an Idaho limited liability )
company, )
            )
    Defendants-Counterclaimants- )
    Respondents-Cross Appellants. )
_____ )

Boise, June 2024 Term

Opinion Filed: August 2, 2024

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Nancy Baskin, District Judge.

The decision of the district court is affirmed.

McConnell Wagner Sykes & Stacey, Boise, for Appellant. Michael Pope argued.

Holland & Hart, Boise, for Respondents. Jennifer M. Jensen argued.

_____

BRODY, Justice.

This appeal concerns the dismissal of a lawsuit pursuant to Idaho Rule of Civil Procedure 12(b)(8) because another action between the same parties for the "same cause" was pending in California. Both the California and Idaho actions center around disputes involving the management of McMillan Storage, an Idaho limited liability company ("the LLC"), and the conduct of its members. Remmich, the LLC's manager, first filed a complaint against Porter, a minority member

1

of the LLC, in California, the principal place of business for the LLC and where both Porter and Remmich reside. Remmich asserted several causes of action, each relating to Porter's construction of the LLC's storage facility. Approximately one year later, Porter filed a complaint against Remmich in Idaho, asserting three causes of action, each relating to Remmich's alleged mismanagement of the LLC. Porter filed a motion to dismiss the California action on grounds of *forum non conveniens*, and Remmich filed a motion to dismiss the Idaho action pursuant to Idaho Rule of Civil Procedure 12(b)(8), which authorizes dismissal of a case when "another action is pending between the same parties and for the same cause." Remmich then asserted counterclaims in the Idaho action that were the same as the causes of action he had filed in California.

The California court denied Porter's motion to dismiss on grounds of *forum non conveniens*. Recognizing that the California court was retaining jurisdiction, the district court dismissed the Idaho action without prejudice under Rule 12(b)(8). Porter timely appeals, arguing the district court abused its discretion in dismissing his claims. We affirm the district court's decision.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Parties*

McMillan Storage LLC ("the LLC") was created under the laws of the State of Idaho, with the stated purpose of building and operating a self-storage facility in Meridian, Idaho. At the time of the Operating Agreement's execution, there were four members, including the Remmich Trust and the Porter Trust. Remmich, a resident of California, is the manager of the LLC and trustee of the Remmich Trust. The Remmich Trust, after the sale of two of the original members' interests, now owns an 85% interest in the LLC. Remmich is also listed as the LLC's registered agent in Idaho, at an address in Meridian. Porter, also a California resident, is trustee of the Porter Trust, which holds a 15% interest in the LLC. Porter also owns BPX Commercial ("BPX"), a California corporation and licensed contractor in Idaho.

The LLC's principal place of business is in California, and the Operating Agreement contains a forum selection clause conferring exclusive jurisdiction on the state and federal courts in California for any and all actions initiated by a member of the LLC "arising out of, under, or in connection with th[e Operating] Agreement or the transactions contemplated by th[e Operating] Agreement."

2

**B.** *The California action*

On January 2, 2020, the LLC and Remmich, as trustee of the Remmich Trust, filed a complaint against Porter in California state court. The California action centered around a construction contract between BPX and the LLC for the construction of the storage facility in Meridian (the "Project"). Disputes arose regarding Porter's handling of the Project, and Remmich ultimately terminated BPX's contract. Remmich alleged that Porter made false representations to the LLC about his qualifications and experience building storage facilities, as well as the status of his contracting license in Idaho, in order to benefit BPX at the expense of the LLC. Remmich further alleged that Porter engaged in actions unauthorized under the Operating Agreement by attempting to sue third-party subcontractors in the LLC's name. The LLC and Remmich subsequently filed the California action against Porter, both individually and as trustee of the Porter Trust, asserting that Porter's actions taken in association with the Project constituted wrongdoing as a member of the LLC and were in violation of the Operating Agreement. The LLC and Remmich's claims against Porter in the California action included the following: (1) breach of written contract (the Operating Agreement); (2) breach of fiduciary duty/breach of the implied covenant of good faith and fair dealing under the Operating Agreement; (3) fraud; and (4) negligent misrepresentation.

The California action proceeded for several months, during which time Remmich filed an amended complaint containing the same causes of action as the original, and Porter filed a motion to stay due to arbitration proceedings involving the LLC and BPX. The California court denied that motion to stay. Subsequently, Remmich filed a second amended complaint, also containing the same causes of action as the prior versions. Porter filed a demurrer to that second amended complaint, thereby challenging the sufficiency or adequacy of Remmich's pleadings, and later, in November 2021 (twenty-three months after the case was filed), he filed a motion to dismiss the California action on the grounds of *forum non conveniens*.

In that motion to dismiss, Porter argued that the forum selection clause designating California as the forum was invalid as a matter of Idaho law, and that Idaho law applied under California Civil Code section 1646 because Idaho was the place of performance for the Operating Agreement. Porter also argued Idaho was both the proper venue and preferred forum for litigating Remmich's claims. Because the motion to dismiss was filed after the demurrer, the California court postponed the hearing on the demurrer until after ruling on the motion to dismiss. Thus,

Porter had not filed any response or counterclaims in the California action at the time the California court issued its ruling on the motion to dismiss.

On February 8, 2022, the California court denied Porter's motion to dismiss. The California court determined that while the forum selection clause may be invalid under Idaho law, Idaho law did not apply because under California Civil Code section 1646, the law of the place of performance only applies if the contract is ambiguous. The California court determined that the forum selection clause contained in the Operating Agreement was not ambiguous and is enforceable under California law; thus, the court concluded that the factors that generally apply to a *forum non conveniens* analysis did not control this case. Nevertheless, the California court concluded that its decision to retain jurisdiction would remain the same under a *forum non conveniens* analysis because both parties are California residents, the LLC's principal place of business is in California, much of the representations, negotiations, and conduct surrounding the LLC and the controversy took place in California, and many of the key witnesses are also California residents.

Approximately two months after this ruling, the California court issued a minute order sustaining Porter's demurrer in part and overruling it in part, allowing Remmich and the LLC to file and serve a third amended complaint. Remmich and the LLC did so on April 19, 2022. The Third Amended Complaint continued to contain the original four causes of action as the prior complaints but added a fifth cause of action, for declaratory relief alleging that Porter's demand for the LLC's records did not comply with Idaho Code section 30-25-410.

Six months later, on October 20, 2022, after the Idaho action had been dismissed, and this appeal filed, Porter filed an answer in the California action. He filed a First-Amended Cross-Complaint with the same causes of action that he asserted in the Idaho action.

### C. *The Idaho action*

Approximately one year after the LLC and Remmich had filed their claims against Porter in California, and one week after the California court had denied Porter's motion to stay litigation pending arbitration between BPX and the LLC, Porter commenced the Idaho action. On January 12, 2021, Porter filed a complaint against Remmich, alleging violations of Porter's and the LLC's rights arising out of the Operating Agreement. Each of the claims in the Idaho action related to Porter's allegation that Remmich, as manager of the LLC, breached his fiduciary duties under the Operating Agreement by renting storage units owned by the LLC under a different business name

4

for Remmich's personal gain and at the expense of the LLC. Porter alleged three causes of action: (1) direct and derivative breach of fiduciary duty against Remmich as manager of the LLC due to Remmich's alleged competition with the LLC; (2) claim for production of LLC records under Idaho Code section 30-25-410; and (3) judicial dissolution of the LLC based on Remmich's alleged mismanagement of the LLC.

Before filing an answer to Porter's complaint, Remmich and the LLC moved to dismiss the Idaho action based on several Idaho Rule of Civil Procedure 12(b) grounds, including lack of jurisdiction and 12(b)(8) for another action pending between the same parties for the same cause. The district court denied that motion in May 2021, before Porter had filed his motion to dismiss the California action on *forum non conveniens* grounds and before the California court had issued its decision retaining jurisdiction over that action. The district court determined that it had jurisdiction, dismissed Porter's personal claim for breach of fiduciary duty but retained the derivative claim on behalf of the LLC, and concluded that a Rule 12(b)(8) dismissal would be inappropriate at that time due to concerns regarding the California court's jurisdiction over the matter. This concern appeared to be based on the district court's determination that the California forum selection clause contained in the Operating Agreement was unenforceable under Idaho Code section 29-110(1). The district court did not provide any additional analysis under Rule 12(b)(8) at that time.

Remmich and the LLC then filed a motion for reconsideration of the Rule 12(b)(8) ruling, urging the district court to dismiss the Idaho action due to the lawsuit pending in California, or in the alternative, to stay the Idaho action pending a decision from the California court. The LLC and Remmich subsequently filed an answer and counterclaims in the Idaho action, asserting the same claims against Porter as were asserted in the California action.

Following a hearing on the motion for reconsideration, the district court issued its decision granting a stay of the Idaho action. The district court corrected its earlier misunderstanding that the California court might not have jurisdiction; the district court acknowledged that the California court is a court of general jurisdiction and there are no issues with personal jurisdiction there considering the fact that both parties are California residents. However, the district court declined to dismiss the Idaho action because of concerns that the California court may decline to exercise jurisdiction on grounds of *forum non conveniens*. At the same time, the district court concluded that the parties and claims in both the California and Idaho actions are the same, and the district

5

court expressed concerns that concurrent jurisdiction would not only raise litigation costs, result in duplicative efforts, and waste judicial resources, but could result in inconsistent judgments. Thus, the district court issued a stay of the Idaho action pending a resolution of Porter's motion to dismiss the California action on the grounds of *forum non conveniens.*

After the California court issued its ruling enforcing the Operating Agreement's forum selection clause and maintaining California's jurisdiction over the California action, the issue of a Rule 12(b)(8) dismissal of the Idaho action returned to the district court. Following a hearing on the matter, the district court dismissed the Idaho action without prejudice under Rule 12(b)(8). The district court concluded that because both cases involved the same parties and the same cause, and because the California court could hear the California action, the California court should hear all the parties' claims relating to the LLC, and Porter should assert his claims from the Idaho action as counterclaims in the California action.

Porter timely appealed the dismissal of his claims. The LLC and Remmich filed a conditional cross-appeal, requesting reinstatement of their counterclaims only in the event that this Court's decision results in the reinstatement of Porter's claims in the Idaho action. Porter subsequently filed his answer in the California action and asserted as counterclaims all of his same claims asserted in the Idaho action.

## II. STANDARD OF REVIEW

"The trial court's determination under I.R.C.P. 12(b)(8) whether to proceed with an action where a similar case is pending in another court is discretionary." *Klaue v. Hern*, 133 Idaho 437, 439, 988 P.2d 211, 213 (1999). Thus, this Court reviews a decision on a Rule 12(b)(8) motion for abuse of discretion. *Frantz v. Hawley Troxell Ennis & Hawley LLP*, 161 Idaho 60, 64, 383 P.3d 1230, 1234 (2016).

In determining whether a lower court abused its discretion, this Court considers "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by an exercise of reason*." Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III. ANALYSIS

### A. The district court did not abuse its discretion in dismissing Porter's Idaho claims under Idaho Rule of Civil Procedure 12(b)(8).

Porter contends the district court abused its discretion when it granted Remmich's motion

for reconsideration and dismissed all of Porter's causes of action. In support of this contention, Porter argues the district court failed to act consistently with the legal standard applicable to a Rule 12(b)(8) motion as outlined by this Court in *Slavens v. Slavens*, 161 Idaho 198, 201, 384 P.3d 962, 965 (2016). Porter also argues the district court failed to reach its decision through an exercise of reason because the district court did not explain the basis for any of its conclusions. For the reasons expressed below, we conclude that there was no abuse of discretion in the district court's application of law or its exercise of reason.

There are two tests governing the determination of whether a lawsuit should proceed where there is a similar lawsuit pending in another court. *Slavens*, 161 Idaho at 202, 384 P.3d at 966 (quoting *Klaue v. Hern*, 133 Idaho 437, 440, 988 P.2d 211, 214 (1999)). If the other case has gone to judgment, the first test applies, and "the doctrines of claim preclusion and issue preclusion may bar additional litigation." *Id*. In this case, all parties agree that the first test does not apply, as the California action has not gone to judgment. "The second test applies when a district court, 'although not barred from deciding the case, should nevertheless refrain from deciding it.'" *Id*. (quoting *Klaue*, 133 Idaho at 440, 988 P.2d at 213).

To decide whether dismissal is proper under the second test, courts consider three primary factors:

> In deciding whether to exercise jurisdiction over a case when there is another action pending between the same parties for the same cause, a trial court must evaluate [1] the identity of the real parties in interest and the degree to which the claims or issues are similar. The trial court is to consider [2] whether the court in which the matter is already pending is *in a position to determine the whole controversy and settle all the rights of the parities*. Additionally, the court may take into account [3] the occasionally competing objectives of judicial economy, minimizing costs and delay to litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments.

*Id*. (emphasis in original).

Porter assigns error to the district court with respect to all three factors under *Slavens*. Specifically, he argues the district court: (1) failed to identify the real parties in interest; (2) failed to identify the degree to which the claims are similar; (3) failed to properly consider the California court's ability to determine the whole controversy and settle all the rights of the parties; and (4) erroneously relied on the optional third consideration at the expense of the mandatory, first two considerations. Each argument is addressed in turn.

7

1.      *The district court did not fail to identify the real parties in interest and did not err in determining that both the Idaho and California actions involved the same parties.*

Porter contends the district court erred by failing to evaluate who the real parties in interest are in the California action and the Idaho action. Porter argues the district court's statement that "the parties to the California case and the Idaho case are the same" is conclusory, without any explanation as to the how the court reached that decision; accordingly, Porter argues the district court abused its discretion by failing to reach its decision through an exercise of reason. This argument is without merit.

In his appellate brief, Porter conceded that "[i]t is possible…the [p]arties are the same." He further recognized that all of the parties in the Idaho action are also parties in the California action. In the Idaho action, Porter, as trustee of the Porter trust (a minority member of the LLC) is the plaintiff, and the LLC and Remmich, as manager of the LLC, are the defendants. In the California action, the plaintiffs are the LLC, Remmich, as manager of the LLC, and Remmich in his capacity as trustee of the Remmich Trust. Porter, both individually and in his capacity as trustee of the Porter Trust, is the defendant in the California action. Porter acknowledged the same before the district court in his opposition to Remmich's motion for reconsideration, but then argued the California action has additional parties who do not appear in the Idaho action due to the additional capacities in which Remmich and Porter both appear. However, it is the *Idaho action* that is the focus of the first consideration under the *Slavens* test, a point the district court recognized during the hearing on Remmich's motion to reconsider:

> [District court]: So isn't the California case, though, both against Mr. Porter individually as well as trustee for the Porter Trust, whereas the Idaho case is the plaintiff is trustee and not in an individual capacity?
>
> [Counsel for Remmich]: That's correct, Your Honor. But for a 12(b)(8) analysis, there can be additional parties –
>
> [District court]: Um-hmm.
>
> [Counsel for Remmich]: -- in one case, so long as they're all subsumed under what the California case could adjudicate.
>
> And I think factor No. 2, which we'll get to, spells that out. So I think the California case, it has both the individual and the trustee. And here we just have the trustee. So it clearly fits in the big balloon of the California action.
>
> [District court]: I'm starting to visualize, you know, math diagrams and things like that.

8

But I understand your point on – that it can be more parties in the California, as long as it is the same parties in the Idaho; correct?

[Counsel for Remmich]: Correct.

This colloquy demonstrates that the district court recognized that there are additional parties in the California action, but it also determined that all parties (in their respective capacities relevant to the action) in the Idaho action are part of the California action. That Remmich's factual allegations in the California action may concern Porter's role as an individual with BPX Commercial *and* as trustee of the Porter Trust is irrelevant. The existence of claims against Porter in an individual capacity does not negate the fact that the California complaint also contains claims against Porter as trustee. Porter as trustee is a defendant in the California action, and Porter as trustee is the plaintiff in the Idaho action. It is clear from the pleadings, as well as from Porter's own acknowledgments before both the district court and this Court, that the parties in the Idaho action and the California action are the same. Therefore, there was no error with the district court's conclusion on the first *Slavens* factor.

2. *The district court did not fail to identify the degree to which the claims in the California and Idaho actions are similar and did not err in determining that both cases involve the same causes of action.*

Porter next contends that the district court erred in concluding that the claims in the Idaho action are the same as those in the California action. He argues the claims are not the same in light of the district court's dismissal of Remmich's claims from the Idaho action, and because Porter had not yet asserted any counterclaims in the California action at the time of the district court's ruling. Porter contends the district court failed to explain how it reached its conclusion that both the Idaho action and the California action are for the same cause, thereby implying that the district court failed to reach its conclusion through an exercise of reason. We conclude there was no error with the district court's reasoning.

The district court's conclusion that the Idaho action and California action are for the same cause first appeared in its decision to stay the Idaho action in response to Remmich's original motion for reconsideration. The district court concluded "that the claims between the parties are the same when the [c]ourt considers the counterclaims filed by [Remmich]." The district court reiterated this same conclusion in its second decision, issued June 21, 2022, in response to Porter's renewed opposition to Remmich's motion for reconsideration. The June 21, 2022, decision was reached after multiple hearings addressing whether the claims in the Idaho action and the

9

California action were for the same cause. At the July 8, 2021, hearing, Porter argued the claims in the California action and Idaho action were not the same because the California action did not include a claim for judicial dissolution of the LLC. The district court understood that this claim had not yet been asserted in California because Porter had not yet filed an answer to Remmich's complaint in that action, and the district court questioned whether Porter's dissolution claim could be asserted in California as a counterclaim:

> [District court]: What about the argument that you could include those claims? You could include claims of dissolution in your counterclaim or your – I don't think you filed your answer in California, have you, yet?
>
> [Counsel for Porter]: I am not counsel on that, Your Honor. But according to what I know, there has not been an answer yet. And that brings me to the point of – excuse me – a counterclaim, or as they call them cross-complaints in California, under Rule of Civil Procedure 426.10, which is discussed at the – in the briefing of the original motion to dismiss as well as oral arguments back in April.
>
> 426.10(c) says, "Related cause of action means a cause of action which arises out of the same transactions or occurrences as the cause of action as the plaintiff alleges in his complaint."
>
> We don't have that there. We're not saying we didn't breach the operating agreement, that Remmich breach[ed] it by not doing something that takes us into a lawsuit against a metal provider for a botched contract… . We're saying Remmich has interests here in Idaho…that are in violation of not only the Limited Liability Company Act, but the language of the operating agreement for the…LLC itself.
>
> Further, in 426.30, it says, "When a compulsory cross-claim or cross-complaint or counterclaim must be filed," and it says – and we briefed this before, as well. It says in (b), "This section does not apply if either of the following is established." And I go to (2), "The person who failed to plead the related cause of action did not file an answer to the complaint against him."
>
> That's what we have right here. … We don't have an answer filed in California. Therefore, it's proper or it is not compulsory or required that Mr. Porter, on behalf of the Porter Trust, file anything against the complaint. They're doing other procedural matters that are allowed by the California processes. That doesn't preclude him from filing this case up here for these distinct causes of action….

Porter's response to the district court's analysis reflects a narrow focus on the *factual* distinctions between the claims in the Idaho action and the California action, while simultaneously evading the critical question of whether the Idaho claims are compulsory counterclaims in the California action that must be asserted *when an answer is due*. Porter's statements before the district court demonstrate two flaws with his contention before this Court that the two actions are not for the same cause. First, Porter conceded that both actions allege violations of the Operating

10

Agreement, and second, Porter misplaced his reliance on California Code of Civil Procedure 426.30(b)(2).

First, Porter conceded that Remmich's claims in the California action allege violations of the Operating Agreement: "We're not saying we didn't violate[/]breach the operating agreement." This is a direct response to Remmich's claim for breach of contract (the Operating Agreement). Porter then continued that he is alleging that *Remmich* breached the Operating Agreement: "We're saying that Remmich has interests here in Idaho…that are in violation of…the language of the operating agreement for the…LLC itself." Porter argues he is not alleging that Remmich breached the Operating Agreement in the exact same way *factually*—by filing a lawsuit against a metal provider and/or in relation to dealings with BPX Commercial. However, his statement that Remmich violated (a synonym for "breached") the Operating Agreement by having interests in other Idaho storage facilities is a concession that Porter alleges Remmich violated the Operating Agreement in the same way *legally* as Remmich alleges Porter violated the Operating Agreement in the California action—by breaching their respective fiduciary duties to the LLC. Porter's narrow focus on the factual distinctions between his claims in the Idaho action and Remmich's claims in the California action discounts the uncontroverted and critical fact that all claims center around the Operating Agreement. Thus, the parties both allege that a breach or violation of the Operating Agreement is the same transaction or occurrence that gives rise to all claims in the California and Idaho actions.

Second, California Code of Civil Procedure 426.30(b)(2) is not instructive in a Rule 12(b)(8) analysis as to whether the claims in the Idaho action and the California action are for the same cause. Section 426.30 provides the rules for compulsory counterclaims. Under subsection (a), a related cause of action is waived by a party against whom an action has been filed if it is not asserted as a cross-complaint in that same action. Section 426.10(c) defines "a related cause of action" as "a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." Cal. Civ. Proc. Code § 426.10. As explained above, all claims at issue in both actions arise out of the Operating Agreement. Accordingly, Porter's claims in the Idaho action are compulsory counterclaims to Remmich's claims in the California action. Section 426.30(b)(2) is a procedural rule that provides an exception to waiver of a non-asserted counterclaim. Subsection (b)(2) specifically provides that a compulsory counterclaim is *not* waived if "[t]he person who failed to

11

plead the related cause of action did not file an answer to the complaint against him." Cal. Civ. Proc. Code § 426.30. No party has alleged and no court (in either Idaho or California) has concluded that Porter has waived any counterclaims in California. To the contrary, Remmich contended, and the district court agreed, that Porter could and should assert such claims in the California action at the time his answer in that action became due. All of Porter's claims, including the claim for judicial dissolution, have now been asserted in the California action. Accordingly, Porter's reliance on California Code of Civil Procedure 426.30(b)(2) is misplaced.

Porter concedes that all claims "are based on the same subject matter—the Operating Agreement[.]" He contends, however, that the claims are not "precisely identical" or "entirely coextensive[,]" which he suggests is required for a Rule 12(b)(8) dismissal under *Wing v. Amalgamated Sugar Co.*, 106 Idaho 905, 908, 684 P.2d 307, 310 (Ct. App. 1984), *overruled on other grounds by NBC Leasing Co. v. R & T Farms, Inc.*, 112 Idaho 500, 733 P.2d 721 (1987). However, *Wing* does not support Porter's position.

*Wing* did not involve a Rule 12(b)(8) dismissal. In *Wing*, the Idaho Court of Appeals held that a district court did not abuse its discretion by proceeding with the case between a lessee and a crop purchaser, in which the landowner intervened, seeking a share of the proceeds from the crop, despite the pendency of a case involving the lessee and the landowner in a different county. *Wing*, 106 Idaho at 909, 684 P.2d at 311. The court concluded the claims "were not precisely identical" and "the claims asserted in the two lawsuits were not entirely coextensive" because, while the lessee was attempting to recover expenses and losses from the landowner related to the farm operations in the first case, the second case did not involve farm operations, nor did it even involve an attempt to recover money from the landowner. *Id.* at 908, 684 P.2d at 310. Importantly, the landowner, as an intervenor, could not assert any conflicting claims in the second case, because "[a]n intervenor takes a case as he finds it. He is not entitled to raise new claims outside the scope of the original parties' pleadings." *Id.* (citing *Anderson v. Ferguson*, 56 Idaho 554, 57 P.2d 325 (1936)).

Here, the fact that neither the Idaho action nor the California action involves an intervenor is a critical distinction from *Wing*. Unlike in *Wing*, there is no intervenor in the California action who must "tak[e] [the] case as he finds it[.]" *Id.* at 909, 684 P.2d at 311. In addition, the phrase "precisely identical," as used by the court in *Wing*, is not applicable to this case. *Wing* held only that the district court did not abuse its discretion by *retaining* jurisdiction when the claims between

12

two similar cases are "*not* precisely identical." *Id*. at 908, 684 P.2d at 310 (emphasis added). Contrary to Porter's contention, *Wing* does *not* stand for the opposite proposition that a district court abuses its discretion by *dismissing* a similar case unless the claims are "precisely identical." In other words, *Wing* stands for the proposition that a district court does not abuse its discretion by retaining jurisdiction when the claims between the two similar cases are different enough to justify separate adjudication of the issues. It does not address, however, a district court's exercise of discretion to dismiss a concurrent action under Rule 12(b)(8) after concluding that the claims in both actions are for the same cause, which is the issue in this case. Accordingly, *Wing* is not instructive here.

We reach the same conclusion as the district court that the claims in the Idaho action and the California action are for the same cause. The claims Porter asserted in the Idaho action are compulsory counterclaims to Remmich's claims in the California action. Porter's first cause of action in his Idaho complaint alleges Remmich breached his fiduciary duties under the Operating Agreement, whereas Remmich's second cause of action in the California action alleges that Porter breached his duties under that same agreement. Porter's second cause of action requests an order requiring Remmich to produce LLC records under Idaho Code section 30-25-410(b), whereas Remmich's fifth cause of action in the California action seeks declaratory relief that Porter's request for those records does not comply with Idaho Code section 30-25-410(b). Finally, Porter's third cause of action for judicial dissolution is "co-extensive" with all other claims because it is premised on the allegation that Remmich mismanaged the LLC by breaching his fiduciary duties under the Operating Agreement, which corresponds to Remmich's second cause of action in the California action, alleging Porter breached *his* fiduciary duties under the Operating Agreement. As explained above, all claims arise out of the same transaction and occurrence: the Operating Agreement. Moreover, all claims have been asserted in the California action such that the California action is now identical to the Idaho action before dismissal. Accordingly, we conclude there was no error in the district court's decision on this issue.

3. *The district court did not abuse its discretion by failing to consider whether the California court is in a position to determine the whole controversy and settle the rights of the parties.*

Porter next contends the district court abused its discretion by "skip[ping] the required analysis" on the second factor of the Rule 12(b)(8) analysis, whether the California court "is in a position to determine the whole controversy and settle all the rights of the parties." Porter argues

13

that "it is very likely the California [c]ourt" cannot resolve all of his claims asserted in the Idaho action. Specifically, he argues the California court lacks subject matter jurisdiction over dissolution of an Idaho LLC and therefore cannot provide him full relief on his claim for judicial dissolution. Porter contends that these concerns with the California court's subject matter jurisdiction over his Idaho claims demonstrate the need for his claims to be litigated in Idaho.

Porter's contention reflects a misunderstanding of the standard for dismissal under Rule 12(b)(8) of the Idaho Rules of Civil Procedure. Rule 12(b)(8) does not demand adjudication of the merits of each claim as asserted in each court. The district court here did not base its decision to dismiss the Idaho action upon any specific finding that the California court *could or would in fact* retain jurisdiction over all of Porter's claims or grant all requested relief. Instead, the district court took a neutral position on the California court's jurisdiction and on the second factor of a Rule 12(b)(8) analysis, concluding that "the first two factors do not weigh in favor of either court exercising jurisdiction." The district court then based its decision to dismiss the entirety of the Idaho action, without prejudice, on the third consideration of a Rule 12(b)(8) analysis, "judicial economy, minimizing costs and delay to litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments." As explained below in subpart 4 of this opinion, we conclude that there was no abuse of discretion in the district court's decision. Porter's claim for judicial dissolution of the LLC has now been asserted in the California action. If there are any lingering questions regarding the California court's jurisdiction over a claim, or a California court's authority to order judicial dissolution of an Idaho LLC, those questions need to be raised in the California action and addressed by a California court. Because the district court dismissed the Idaho action without prejudice, the parties may, depending on the outcome in the California action, choose to refile here in Idaho.

4. *The district court did not abuse its discretion by dismissing the Idaho action based on concerns related to judicial economy, minimizing costs and delay to litigants, and avoiding inconsistent judgments.*

Porter next contends the district court abused its discretion by basing its decision to dismiss his claims in the Idaho action on the optional third consideration of 12(b)(8) at the expense of the required first two considerations, which he argues weigh against dismissal. He argues "the district court was not required to analyze any of the items referenced in the third consideration[,]" including "issues related to judicial economy, minimizing costs and delay to litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding inconsistent judgments."

14

Because the district court was not required to analyze this third factor, Porter contends that it was error for the district court to focus its 12(b)(8) analysis on this factor and for those considerations to be the principal basis for its decision. We disagree.

Porter's contention that the first two factors of the Rule 12(b)(8) analysis weigh against dismissal was rejected by the district court, which took a neutral position on those factors: "the first two factors do not weigh in favor of either court exercising jurisdiction." The district court also rejected Porter's contention that the parties and causes of action in each case were not the same: "This [c]ourt agrees…that the parties to the California case and the Idaho case are the same. The [c]ourt also agrees…that the claims between the parties are the same when the [c]ourt considers the counterclaims filed by [Remmich and LLC]." We have concluded that the district court did not err with respect to its conclusions on the first and second factors of a Rule 12(b)(8) analysis. Thus, to the extent that Porter's final argument rests on his contention that the district court should have retained jurisdiction over his claims based on the first and second factors, his argument is without merit.

Porter argues that the district court's decision to dismiss his claims in the Idaho action based on the optional third *Klaue* factor—considerations of "judicial economy, minimizing costs to litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments"—supports his contention that the district court failed to properly apply the legal standard for a Rule 12(b)(8) analysis under *Klaue*, 133 Idaho at 440, 988 P.2d at 214. This argument is also without merit. The district court quoted the applicable legal standard provided by this Court in *Klaue*:

> In deciding whether to exercise jurisdiction over a case when there is another action pending between the same parties for the same cause, a trial court must evaluate [1] the identity of the real parties in interest and the degree to which the claims or issues are similar. The trial court is to consider [2] whether the court in which the matter is already pending is *in a position to determine the whole controversy and settle all the rights of the parties*. Additionally, the court may take into account [3] the occasionally competing objectives of judicial economy, minimizing costs and delay to litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments.

*Id*. (emphasis added).

The district court then proceeded to analyze each factor:

> This [c]ourt previously agreed with [Remmich] that the parties to the California case and the Idaho case are the same. The [c]ourt also agreed with [Remmich] that the claims between the parties are the same when the [c]ourt considers the

15

counterclaims filed by [Remmich]. As was previously held, the first two factors do not weigh in favor of either court exercising jurisdiction. Thus, the [c]ourt must consider whether "judicial economy, minimizing costs and delay to litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments."

Contrary to Porter's contention, the district court did consider the first mandatory factor of a Rule 12(b)(8) analysis by making a determination that the identities of the parties in each claim are the same. Likewise, the district court's conclusion that "the first two factors do not weigh in favor of either court exercising jurisdiction" demonstrates that the district court also considered the second mandatory factor, whether the other court is in a position to determine the whole controversy. That the district court was neutral on the second factor does not indicate that the district court failed to consider it. The district court's neutrality on the second factor, coupled with its determination on the first factor that the cases involved the same parties and were for the same cause, led the district court to believe that its decision on the Rule 12(b)(8) motion would be best reached by focusing on the third factor of the *Klaue* test. This conclusion is solidly within the district court's discretion. Nothing in the appliable standard contained in *Klaue,* nor in any opinion from this Court, dictates the factors under which a district court's decision must be based. Indeed, if a decision to dismiss a case under Rule 12(b)(8) must be based on only the first two factors, there would be no need for the third and optional factor at all. We provided the third and optional factor in *Klaue* precisely for the same reason that the district court relied upon it here: there are some cases in which the first two factors alone are insufficient for a court to a reach a reasoned decision regarding a Rule 12(b)(8) dismissal.

After concluding that its decision to either retain jurisdiction or dismiss the Idaho action warranted consideration of the items listed in the third factor of a Rule 12(b)(8) analysis, the district court explained its concerns with concurrent jurisdiction of the claims. "[T]his [c]ourt is concerned with the potential that two courts will conduct concurrent litigation, increasing costs and potentially leading to inconsistent judgments." The district court further explained that it would not split the cases by allowing Porter's claims to proceed in Idaho while Remmich and the LLC's claims proceeded in California:

> [T]his [c]ourt finds that splitting the cases by allowing [Porter's] claims to go forward in Idaho while [Remmich and the LLC's] claims go forward in California would lead to the very same problems as having both cases go forward in both courts. The California court could easily make ruling which would impact the Idaho case, and vice versa. For example, one court could decide that dissolution of the

16

LLC, which is a party to the case, is warranted. Such an event would have unknown consequences for the cases in the other court. Further, if both cases go forward separately, the parties will likely be required to maintain separate counsel and engage in duplicative discovery. Such problems are precisely what I.R.C.P. 12(b)(8) seeks to avoid.

The district court then dismissed the entirety of the Idaho action under Rule 12(b)(8), concluding that "judicial economy, minimizing costs and delay to litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments" was best served by directing Porter to assert his claims in the California action.

There was no error in the district court's decision. Its conclusions on each factor of the Rule 12(b)(8) analysis were reached after giving due consideration to the multiple briefs and arguments raised at multiple hearings by the parties. The district court recognized the *Klaue* factors as part of the applicable legal standard for its decision, considered each factor, and provided a reasoned explanation for its decision. Accordingly, we affirm the district court's decision to dismiss the entirety of the Idaho action.

Because we affirm the district court's decision to dismiss the Idaho action, Remmich's conditional cross-appeal is now moot. Therefore, we decline to address the merits of either party's arguments on that issue.

**B.     No party is entitled to attorney fees.**

Porter and Remmich both request attorney fees on appeal under Idaho Code section 12-121, which authorizes an award of reasonable attorney fees "if the Court believes that the proceeding was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Kelly v. Kelly*, 171 Idaho 27, 49, 518 P.3d 326, 348 (2022). Porter is not the prevailing party; thus, he is not entitled to an award of attorney fees. Remmich is the prevailing party; however, we decline to award attorney fees under section 12-121. Porter raised a single issue on appeal, whether the district court abused its discretion by dismissing his claims from the Idaho action under Idaho Rule of Civil Procedure 12(b)(8). Although we have concluded that many of Porter's arguments were without merit, he provided reasonable, albeit ultimately unsuccessful, arguments in support of his contention that the district court erred by raising concerns related to the California court's subject matter jurisdiction over his claim for judicial dissolution of the LLC. Therefore, we do not find that his appeal was frivolously brought or without foundation as required for an award of attorney fees under this statute.

17

#### IV.  CONCLUSION

For the foregoing reasons, we affirm the decision of the district court dismissing the Idaho action without prejudice under Idaho Rule of Civil Procedure 12(b)(8) because another action, with the same parties and for the same cause, is pending in a California court. As the prevailing party, Remmich is entitled to costs on appeal as a matter of course under Idaho Appellate Rule 40.

Chief Justice BEVAN, and Justices MOELLER, ZAHN and MEYER CONCUR.